JAMES M. POTTER *et al.*

*v.*

JOHN POTTER *et al.*

</div>

1. CHANCERY — *bill to impeach a will — evidence.* On the trial of an issue of fact under a bill to impeach a will, it is not error to permit defendant to read the original affidavit filed on the proof of a will in the probate court. And an objection that the original and not a copy of the affidavit was read to the jury comes too late when made for the first time in this court.

2. EVIDENCE — *sufficient to establish a will.* Where the evidence shows that a will was reduced to writing under the dictation of the testator, was signed by him as written at his request, and he made his mark, and is attested by two witnesses as required by the statute, by signing their names in his presence, and they swear that they believe he was of sound mind and memory at the time, and that the will was read to testator before it was executed, *held,* that it is a compliance with the statute, and sustains the verdict of a jury finding in favor of the validity of the will.

3. INSTRUCTIONS — *not calculated to mislead.* An instruction which omits to inform the jury that it is necessary that the witnesses should attest the will in the presence of the testator, where there is no conflict of evidence on that question, and the subscribing witnesses swear that they attested in the presence of deceased, is not calculated to mislead the jury, as it is not error for which a reversal will be had. This is especially true where the jury are so informed by another instruction which is given.

4. SAME — *burden of proof.* An instruction which informs the jury that it devolved upon those seeking to impeach the will to prove that it was not

read to testator before he signed it, is inaccurate, as in such a case as this those affirming the validity of the will must prove it, but where there is no conflict of evidence on the question and the proof is clear and satisfactory that it was so read to him, and those contesting the validity of the will have manifestly not been prejudiced by the instruction, the verdict of the jury will not be disturbed. Had there been a conflict of evidence it would have been otherwise.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

This was a suit in chancery commenced by James M. Potter, Ephraim Potter, Mary Spicer, William Potter, Sterling Potter and William Potter, to the April Term, 1864, of the Woodford Circuit Court, against John Potter, William Potter, Albert Potter, Sereney Warner, Sinford Warner, Martha Warner, Joseph B. Warner, Catharine Harner, James Harner, Albert Potter and Marian Potter. The bill charges that the will to impeach which it was filed was procured to be made by the devisees and legatees named therein.

The defendants answered, admitting the execution of the will, but denying all fraud, conspiracy and undue influence, and insisting upon its validity, — that it was legally executed and made by testator of his own free will and accord.

A replication was filed, and an issue of fact was formed, whether the instrument was the last will and testament of deceased. A trial was had by the court and a jury, who, after hearing the evidence, and being instructed by the court, found this verdict: " We, the jury, find the will in controversy to be the last will and testament of Ephraim Potter, deceased." Complainants entered a motion for a new trial, which the court overruled, and rendered a decree dismissing the bill, to reverse which they prosecute this writ of error.

Messrs. CLARK & CHRISTIAN, for the plaintiffs in error.

Mr. A. E. STEVENSON and Mr. JOHN BURNS, for the defendants in error.

6—41ST ILL.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a suit in chancery, commenced by plaintiffs in error, in the Woodford Circuit Court, against defendants in error, for the purpose of setting aside and canceling a will under which defendants claimed to hold certain real estate described in the bill. It appears that Ephraim Potter, on the 11th day of December, 1860, executed an instrument in writing purporting to be his last will and testament. That he died in January, 1861, leaving complainants and defendants as his heirs at law. By that instrument he divided his real estate, and bequeathed his personal property to his widow and to a portion of his heirs, who were made defendants to this bill. The bill alleges, that the will was not dictated or written by deceased, but was dictated in part by Abram Potter, by J. A. Hays, and in part by Elizabeth Potter, his widow, and still another portion by Marian Potter. That Abram, Marian and Elizabeth entered into a conspiracy to have the will drawn as it now appears, and thus to obtain the property to the exclusion of complainants. That deceased did not sign the will, or cause it to be signed, nor did he acknowledge it to be his will, or request any person to attest it as a witness. That Elizabeth, Abram and Marian Potter exercised an undue influence over deceased in his life-time to procure the execution of the will, and that it was made under such influence. The will was probated in the County Court, and L. P. Heriford was duly appointed executor of the will, and was acting as such when the bill was filed.

Defendants filed their answer, in which they allege, that the will is in due form of law; that decedent procured the same to be drafted; that he executed it, and that it was duly witnessed by J. A. Hays and W. H. Cummings; that they attested it at his request, in his presence, and in the presence of each other; that deceased was illiterate and unable to write, but executed it by making his mark. They deny all conspiracy, and all fraud and undue influence, but insist that it was made of the free will of deceased. They deny that any of them

dictated the will or any portion thereof. They allege that testator caused his name to be signed to the will, after which he made his mark. A replication was filed to the answer, and an issue of fact was formed and submitted to a jury, who found in favor of defendants, and thereupon the court below dismissed the bill.

On the hearing, the court admitted the original affidavit of the proof of the execution of the will, which was filed in the County Court, as evidence to the jury. It is insisted that in this the court erred, as a certified copy, and not the original, is evidence. The paper was proved by the clerk of that court to be the original, on file in his office. It does not appear that this objection was urged on the trial below, and it comes too late when made for the first time in this court. This is of that class of objections which is merely technical, and if the original was not evidence, the objection should have been specifically made, as it could have been readily removed, and the party offering it have the benefit of the paper as evidence. *Cross* v. *Bryant*, 2 Scam. 36 ; *Sargent* v. *Kellogg*, 5 Gilm. 281 ; *Swift* v. *Whitney*, 20 Ill. 144 ; *Russell* v. *Whitesides*, 4 Scam. 11. The statute has made a certified copy of the affidavit evidence, but the original could prove no more or less than a copy ; and, unless an objection was made that it was the original, and not a copy, when it was offered, there was no error in admitting it. The objection, however, was general, and we must presume it was intended to apply to its relevancy to the issue.

The objection that testator was incapable of making a valid will, by reason of imbecility of mind, was abandoned on the trial below. And, from an attentive examination of all the evidence in the case, we think it sustains the verdict of the jury in finding that the will was duly executed. The evidence abundantly shows that it was reduced to writing under the dictation of testator, and was signed by him. There can be no question that his name was written to the will at his request, and that he made his mark to it for the purpose of executing and publishing it as his will. And it was attested by two witnesses, as the statute requires, who signed their

names in his presence, and they swear that they believe he was of sound mind and memory at the time. It also appears that the will was read to him before it was executed; and he dictated its terms and provisions. And in all this the statute seems to have been fully, if not literally, complied with in all of its requirements, and unless fraud appears, it must be held as a valid and binding instrument. The question of fraud was presented to and passed upon by the jury, and we think the evidence sustains the verdict by which the jury have found that it was not made or procured by fraud, or under undue influence, exercised on testator by any person.

It is, however, insisted, that the ninth and thirteenth instructions, given for the defendants, were erroneous, and may have misled the jury. The ninth, in specifying the statutory requirements, necessary to a valid execution of a will, omits to inform the jury that it was requisite that the witnesses should attest the will in the presence of the testator. To have rendered this instruction precisely accurate, this should have been stated; but, as there was no conflict of evidence on that question, and as the witnesses called by plaintiffs in error stated that they did sign it in testator's presence, we do not see that the jury could have been misled. It did no injury to complainants, and, unless we can see that a party has, or at least may have, sustained some injury by an erroneous instruction, we should not reverse for that reason. But the fourth of complainants' instructions fully instructs the jury on this, as well as all other statutory requirements.

The jury are informed, by the thirteenth instruction given for defendants, that it was not necessary for them to prove that the will was read to testator, but it devolved upon complainants to prove that it was not read to him. In the case of *Rigg* v. *Wilton*, 13 Ill. 15, this court adopted the construction given to the Kentucky statute from which ours was copied, as given by the Court of Appeals in that State. It was held, that, on the trial of the issue under the statute, the burden of proof is on the party affirming the execution and validity of the will. And the party is bound to prove affirmatively, that the con-

tested paper is the last will and testament of the testator. In a bill of this character it is necessary, the will must be probated anew, as though it was for the first time presented for proof. But in this case there was no conflict in the testimony that the will was read to testator before he executed it. And although the instruction may not have been accurate, still with clear, positive, uncontradicted evidence, that the will was read to him, complainants could not have suffered any wrong by the giving of this instruction. Had there been any conflict in the evidence then it would have been otherwise. We therefore perceive no such error in this record as requires a reversal of the decree, and it must be affirmed.

*Decree affirmed.*