ROBERT N. PENDLAY

*v.*

MINNIE EATON *et al.*

*Filed at Mt. Vernon October 31, 1889.*

1. CONTEST OF WILL — *testamentary capacity — evidence — burden of proof.* On the trial of an issue as to the testamentary capacity of a person deceased, on bill to contest his will, the burden of proof, in the first instance, devolves upon the proponents of the will to show such capacity; but after they give in evidence the will, and the testimony of the subscribing witnesses given on the probate, the burden of proof no longer rests on them,—then it is the duty of the jury to determine whether the testator possessed the requisite testamentary capacity, from the weight of all the evidence introduced by the respective parties.

2. On the contest of a will in a case where the proponents of the will had given in evidence the original will, with the testimony of the subscribing witnesses taken in the county court, the trial court, on behalf of the contestant, gave this instruction: "The court instructs the jury, that the burden of sustaining the will in this case is, by law, cast on defendant, who avers its validity; and unless the defendant has shown, by the burden of proof, that said A. P., at the time he executed said will, was of sound mind and memory, you should find said will not to be the last will and testament of said A. P.:" *Held*, that the instruction was clearly erroneous.

WRIT OF ERROR to the Circuit Court of Effingham county; the Hon. W. C. JONES, Judge, presiding.

Mr. S. F. GILMORE, Mr. WILLIAM B. WRIGHT, and Messrs. WOOD BROS., for the plaintiff in error.

Mr. R. C. HARRAH, and Mr. E. N. RINEHART, for the defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by a portion of the heirs of Andrew Pendlay, against his widow, and son, Robert N. Pendlay, to set aside an instrument in writing, purporting to be the last will and testament of Andrew Pendlay, deceased,

on the ground that the testator was not of sound mind and memory, and was wholly incapable of making a will, and upon the further ground of undue influence exercised over the testator by his son, Robert N. Pendlay. The defendants put in an answer to the bill, and the court directed an issue to be made up, whether the writing referred to in the bill and answer, purporting to be the last will and testament of Andrew Pendlay, was his last will and testament or not. On a trial of the issue before a jury, a verdict was returned that "the said Andrew Pendlay, at the time of making said will, was not of sound mind and disposing memory, and capable of making a will, and that the will in controversy is not the will of said Andrew Pendlay."· The court overruled a motion for a new trial, and decreed that the instrument in writing purporting to be the last will and testament of Andrew Pendlay, deceased, and the probate thereof, be set aside, and declared null and void. From that decree defendants sued out this writ of error.

It appears from an examination of the record, that the testator was a resident of Jackson township, Effingham county. On February 27, 1888, he became sick. He gradually grew worse, until Saturday, March 3, when he died. The will in question was executed on Friday, the day before his death. By the terms of the will, the testator gave to his wife such interest in his estate as she would take under the Statute of Descents had no will been made, and all the rest of his property he devised to his son, Robert N. Pendlay. Whether the testator, at the time of making the instrument purporting to be his last will and testament, possessed the necessary testamentary capacity to make a valid will, is a question upon which the evidence is conflicting, and as the facts of this case will have to be passed upon by another jury, we refrain from expressing any opinion on the weight of the evidence.

It is contended that complainants' second instruction is erroneous, because isolated portions of the evidence are singled out and brought prominently before the jury. One charge in

the bill was, that the will was executed through the undue influence of the defendant, and this instruction related to that branch of the case. The jury, however, did not find against the will on that question, and while we think the instruction was erroneous, it is manifest from the verdict that it did no harm, and we would not be inclined to reverse on account of this instruction if the law had been correctly declared on other questions.

The fourth instruction given for the complainants was as follows:

"The court instructs the jury, that the burden of sustaining the will in this case is by law cast on defendant, and who avers 'its validity; and unless the defendant has shown, by the burden of proof, that said Andrew Pendlay, at the time he executed said will, was of sound mind and memory, you should find said will not to be the last will and testament of said Andrew Pendlay."

The defendant put in evidence the will, and the testimony of the subscribing witnesses, given when the will was admitted to probate, which was *prima facie* evidence of its validity. The statute in express terms provides, that on a trial before a jury, to contest the validity of a will, the certificate of the oath of the witnesses at the time of the first probate shall be admitted as evidence, and to have such weight as the jury may think it may deserve. In *Carpenter* v. *Calvert*, 83 Ill. 63, where instructions were involved relating to the burden of proof, it is said: "Our statute, from an abundance of caution, provides that, in the first instance, the validity of a will shall not rest merely upon this presumption of law, arising from the fact that the will was duly executed, but requires that the witnesses who subscribed to the will shall testify affirmatively to the testamentary capacity of the party making the will. When this has been done, however, and contradictory testimony is produced, tending to show want of necessary testamentary capacity, the party asserting the validity of the will

must prevail, unless the contradictory testimony be sufficient to overcome or neutralize the effect, not only of the affirmatory testimony given in favor of the validity of the will, but also to overcome or neutralize that presumption arising from the general rule of law that all men are presumed sane until the contrary is proven." In *Holloway* v. *Galloway*, 51 Ill. 160, where a similar question arose, it is said: "The defendants had put in evidence  *  *  *  the testimony of the subscribing witnesses given when the will was admitted to probate, and this was *prima facie* evidence of its validity. This testimony raised a presumption of the competency of the testator, which would be valid until disproved by counter testimony. It placed upon the plaintiffs in error the burden of showing the incompetency of the testator by proof sufficient to overcome the *prima facie* case made for him."

In view of the principle established by these authorities, it is plain that the instruction as to the burden of proof was calculated to mislead the jury. Conceding that the burden of proof, in the first instance, devolved upon the defendant to sustain the will, after he had put in evidence the will, and the testimony of the subscribing witnesses, given when the will was admitted to probate, the burden of proof no longer rested on his shoulders. It was then the duty of the jury to determine whether the testator possessed the necessary testamentary capacity, from the weight of all the evidence introduced by the respective parties. The instruction did not, however, leave the jury free to determine the question from the weight of the evidence, but directed them that the burden still rested upon the defendant, who asserted the validity of the will. This imposed a higher degree of proof on defendant than the law required. In *Wilbur* v. *Wilbur*, 129 Ill. 392, a similar instruction was held to be erroneous, and we refer to that case for a fuller expression of our views on the question.

For the error indicated, the judgment will be reversed and the cause remanded.                    *Judgment reversed.*