## O'Connor v. The Village of Shabbona.

1. *Appellate Courts—Practice in Reviewing Cases.*—The Appellate Courts exercise appellate jurisdiction only, and this consists in reviewing cases as they appear in the trial court, and not in trying them *de novo.* If the parties are allowed to stipulate as to facts not appearing to the trial court, it would make the hearing in the Appellate Court a trial *de novo,* instead of a review of what was acted upon in the trial court.

2. *Appellate Courts—Practice in Hearing Cases.*—In a suit for the violation of an ordinance, brought to the Appellate Court by appeal, a stipulation was filed by the party that a certain paper offered was the "original ordinance passed by the board of trustees." Under this stipulation the paper was presented to the Appellate Court for consideration. *It was held,* that every fact which could rightly influence the action of the trial court must be brought to its attention, if it is to have any weight in reviewing cases brought from the trial court to the Appellate Court. The stipulation was not noticed.

3. *Appellate Courts—A Rule of Practice.*—The rule that parties can not make a new case in the Appellate Court applies to the law as well as to the facts, so an objection not made in the trial court can not be considered.

Memorandum.—Suit for a violation of an ordinance. Appeal from the Circuit Court of De Kalb County; the Hon. CHARLES KELLUM, Judge, presiding. Heard in this court at the December term, 1892, and affirmed. Opinion filed May 25, 1893.

The statement of facts is contained in the opinion of the court.

O'BRIEN & O'BRIEN, attorneys for appellant.

JONES & ROGERS, attorneys for appellee.

OPINION OF THE COURT, CARTWRIGHT, P. J.
Appellant was found guilty of violating an ordinance of the village of Shabbona, prohibiting the sale of intoxicating liquor, and judgment was rendered against him for $70, fine and costs. The only point presented to this court in his behalf is, that the record does not show proof of the passage and publication of the ordinance.

On the trial, a paper purporting to be an ordinance of the

village of Shabbona, with a certificate of the clerk of said village annexed thereto, under the corporate seal, certifying to the passage and publication thereof, and showing the date and manner of passage and publication, was offered in evidence, and was objected to generally as incompetent evidence, but no specific ground of objection was pointed out. The objection was overruled. It is now sought to be made a basis for the objection so interposed in the trial court, that the ordinance offered was the original ordinance passed by the board of trustees, and that the signature of the president to such ordinance is type-written, or printed. It is claimed that the statute only authorizes the clerk to certify to a copy of an ordinance.

A stipulation has been filed in this court by the parties, that the paper offered was the genuine, original ordinance passed by the board of trustees. This court exercises appellate jurisdiction only, and this consists in reviewing cases as they appear in the trial court, and not in trying them *de novo*. If the parties might stipulate as to facts not appearing to the trial court, it would make the hearing in this court a trial *de novo*, instead of a review of what was acted upon in the trial court. Every fact which could rightfully influence the action of the trial judge must be brought to his attention if it is to have any weight in reviewing the case here. The stipulation of the parties will therefore not be noticed.

The paper offered in evidence is sent here as a part of the record, and there is nothing about it to indicate that it is the original. It looks like a printed copy, with the memorandum of passage and approval, and the signatures of the president and clerk all printed on the ordinary kind of paper used in printing newspapers. But whether it is the original, or a copy, or whether the president wrote his name or printed it, the objection, if tenable, under any circumstances, can not be considered in this court because not made in the trial court. The rule that parties can not make a new case in this court, applies to the law as well as the facts. After a trial a party may, by reflection and research, discover and

bring to the attention of an appellate court an objection that never occurred to him on the trial. Or he may be aware of an objection and conceal it from the court and opposite party for the purpose of an appeal in case of defeat. A trial court is not to be burdened with the duty of searching for objections which a party can not discover or may see fit to conceal. Proof of the ordinance was material and relevant, and an objection to the mode of proving it, should have been made in such a way as to enable the trial judge to understand the precise question upon which appellant required a ruling. This was not done, and it would be a manifest wrong to allow it to be done now in a review of the ruling, which must be confined to those things which were made to appear to the trial judge.

Again, the objection should have been stated so as to enable appellee to obviate it. There were several methods open to appellee for proving the ordinance, and upon an objection being made to one mode, it might have chosen to adopt another. In fact, the ordinance was subsequently proven in a different mode. The objection made in this court can not be raised here for the first time. The law, as stated above, is settled by the following cases : Swift v. Whitney, 20 Ill. 144; Buntain v. Bailey, 27 Ill. 409; Harmon v. Thornton, 2 Scam. 351; Graham v. Anderson, 42 Ill. 514; Potter v. Potter, 41 Ill. 80; Howell v. Edmonds, 47 Ill. 79; Moser v. Kreigh, 49 Ill. 84. The judgment will be affirmed.