## Ada Billings et al., v. John Burke, Executor, Appellee, on appeal of Ella H. Sharpe, Appellant.

### Gen. No. 19,968.

1. WILLS, § 192*—*necessity of specific objection to admission of transcript of evidence at probate.* An objection to the admission of a transcript of the evidence of attesting witnesses at probate should be specific in the contest of a will in chancery.

2. WILLS, § 194*—*admissibility of original transcript.* Under the Statute of Wills, ch. 148, sec. 7 (J. & A. ¶ 11548), the original transcript of the testimony of attesting witnesses to a will, when produced and properly identified, is as clearly competent as a certified copy, since no end of justice would be subserved in refusing the proof, once the record be in court.

3. WILLS, § 194*—*incompleteness of testimony as affecting admissibility of original transcript of evidence at probate.* If the original transcript of the testimony of attesting witnesses states on

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

its back it is only a partial proof in the way of a designation of a continuance for further hearing, such an unexplained designation does not change the character of the instrument competent as evidence under the Statute of Wills, ch. 148, sec. 7 (J. & A. ¶ 11548).

4. WILLS, § 195*—*weight of transcript of evidence at probate.* A transcript of the testimony of attesting witnesses in the probate of a will is in the nature of an *ex parte* declaration in a contest of a will in chancery.

5. WILLS, § 70*—*sufficiency of execution to comply with statute.* Where it clearly appears from the transcript of attesting witnesses that they were present and saw the testatrix sign the will, in their presence and that they believed the testatrix to be of sound mind and memory at the time of signing, the transcript of the record meets the requirements of the Statute of Wills, ch. 148, sec. 2 (J. & A. ¶ 11543).

6. WILLS, § 203*—*instructions as to effect of admission of transcript at probate.* An instruction that the introduction of evidence of the transcript of the testimony of the subscribing witnesses to the will, together with the purported will itself, make a prima facie case establishing the will, and that after a prima facie case has been made, the burden of proof as to the whole case is upon those who are contesting the will to prove the allegations of their bill as to the lack of testamentary capacity of the testator or as to undue influence, by a preponderance of the evidence, *held* properly given by the trial court.

7. WILLS, § 203*—*instructions inapplicable to case.* In a contest of a will in chancery, the court may refuse an instruction which is not applicable to the case at bar.

8. WILLS, § 186*—*when burden of proof rests on contestants.* On a bill in chancery to contest a will, where the will and the testimony of the subscribing witnesses given when the will is admitted to probate make a prima facie case of its validity for the proponents, the burden rests upon the contestants to prove their allegations by a preponderance of the evidence.

9. WILLS, § 195*—*insufficiency of evidence to overthrow will admitted to probate.* Upon a contest of a will in chancery, evidence *held* to fail to sustain by a preponderance the contention that a testatrix was of unsound mind and memory at the time of the making of a will as against the proponent's prima facie case made by the introduction of the will and a transcript of the testimony of attesting witnesses at probate.

10. WILLS, § 195*—*effect of interest as to weight of evidence in will contest.* Where a contract had been entered into providing for a distribution to a witness, who was not an heir, in a will con-

test, the testimony of such witness may be regarded by the jury in the light of the interest disclosed by the aforesaid contract.

11. WILLS, § 195*—*insufficiency of evidence to overthrow validity.* On a bill in chancery to contest a will evidence *held* to fail to show by the required preponderance that testatrix at the time of making a will acted under the restraint or under influence of the defendant.

Appeal from the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed February 4, 1915. Rehearing denied February 16, 1915.

**Statement by the Court.** This is a bill in chancery brought in the Circuit Court of Cook county by the heirs at law of Lena Kennedy, deceased, to contest the last will and testament of the said Lena Kennedy. The grounds upon which it was sought to be set aside were, a want of testamentary capacity in the testatrix and that she was unduly influenced in the making of same by John Burke, named therein as chief beneficiary and sole executor. Upon the bill and answer, an issue at law was made up as to whether or not the instrument in writing produced under the bill was the will and testament of the said Lena Kennedy, deceased. This issue was tried by a jury who returned a general verdict in favor of the validity of the will. The court also submitted to the jury three special interrogatories to be answered by them, which the jury answered, and by their answers found specifically: (1) That the writing read in evidence was the last will and testament of the said Lena Kennedy, deceased; (2) that at the time of the execution thereof the said Lena Kennedy was of sound mind and memory; and (3) that no undue influence was exercised over the said Lena Kennedy that resulted in the making of the said purported will.

Complainants moved the court to set aside the verdict and special findings of the jury, but the court overruled said motion and complainant's motion for a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

new trial, and entered a decree upon the verdict and find-
ings of the jury, from which decree complainant pros-
ecuted this appeal. Hereafter we shall refer to the
appellants as the complainants, and to the appellee as
the defendant.

JOSEPH P. MAHONEY, for appellant; EDWIN B.
BODLEY, of counsel.

DEMING & JARRETT and HAIGHT, BROWN & HAIGHT,
for appellee.

MR. JUSTICE PAM delivered the opinion of the court.
Though many errors were assigned, only three are
argued in complainant's brief, which are as follows:
    (1)    That the court erred in admitting in evidence
the document known as defendant's Exhibit B, because
said document was not sufficiently authenticated and
identified as a certificate of the oath of the witnesses at
the time of the first probate, as contemplated in sec-
tion 7, chapter 148, Statute of Wills (J. & A. ¶ 11548).
    (2)    That the trial court erred in giving a certain
instruction on behalf of the defendant, and in the re-
fusal of one offered on behalf of the complainants.
    (3)    That the verdict is clearly and manifestly
against the weight of the evidence.
    We shall discuss these points in the order named.
    Section 2 of our Statute on Wills (chapter 148, p.
2376, Hurd's Revised Statutes of Illinois for 1911, J.
& A. ¶ 11543) provides as follows:
    "All wills, testaments and codicils    *    *    *    shall
be reduced to writing, and signed by the testator or tes-
tatrix, or by some person in his or her presence, and
by his or her direction, and attested in the presence
of the testator or testatrix, by two or more credible
witnesses, two of whom, declaring on oath or affir-
mation, before the county court of the proper county
(Probate Court in Cook County) that they were pres-
ent and saw the testator or testatrix sign said will,

testament or codicil, in their presence, or acknowledged the same to be his or her act and deed, and that they believed the testator or testatrix to be of sound mind and memory at the time of signing or acknowledging the same, shall be sufficient proof of the execution of said will, testament or codicil, to admit the same to record: *Provided*, that no proof of fraud, compulsion or other improper conduct be exhibited, which, in the opinion of said county (or Probate) court, shall be deemed sufficient to invalidate or destroy the same.'' (Language in parentheses is ours.)

Section 7 of the same statute, under which the contest of the will in question has arisen and the issue of law made up to be tried by the jury, provides as follows:

''\* \* \* And in all such trials by jury as aforesaid the certificate of the oath of the witnesses at the time of the first probate, shall be admitted as evidence and to have such weight as the jury shall think it may deserve.''

The document designated as defendant's Exhibit B, the admission of which in evidence by the court is assigned as error by the complainant herein, was a transcript of the testimony of the attesting witnesses at the time of the probate of the said will. An examination of defendant's Exhibit B shows that it is a transcript of evidence taken in the Probate Court of Cook county before Judge John H. Batten, acting judge, on May 17, A. D. 1900, in the matter of proof of last will and testament in the matter of the estate of Lena Kennedy, deceased. It shows that Simeon Loudenback and Annie Mahoney, the two attesting witnesses to the last will and testament, were duly sworn and testified in open court; then follows the direct and cross-examination of both. After the last question appears the following:

''Further hearing in the above entitled cause continued to June 21, at 10:30 A. M.''

At the end of the transcript appears the affidavit of the stenographer who took the testimony of the wit-

nesses, sworn to before the clerk of the Probate Court. This transcript clearly shows that the evidence of the subscribing witnesses was given under oath in open court, and transcribed by the stenographer who took the same. The deputy clerk of the Probate Court took the stand and testified that defendant's Exhibit B was the testimony of the witnesses written up by the stenographer in shorthand at the time the testimony was given by the witnesses, and then typewritten by the stenographer who took the testimony; that it was the original on file, and was the only transcript of the testimony of the witnesses to the will of Lena Kennedy in the files of the Probate Court of Cook county.

The objection raised below was that no showing had been made, i. e., no proper identification of the document; furthermore, that it was incompetent, irrelevant and immaterial.

In urging their contention that the court erred in overruling their objection and admitting defendant's Exhibit B in evidence, complainants rely in the main upon the case of *Harp v. Parr*, 168 Ill. 459. In that case proof was made in the form of an affidavit, sworn to by the subscribing witnesses, instead of by questions and answers given under oath. The point made in that case was, that the court erred in admitting the original affidavits in evidence instead of certified copies thereof, urging that in section 7 (J. & A. ¶ 11548) aforementioned, the words "certificate of oath" intended that proof be made in the form of a copy of the original affidavit in the Probate Court, properly certified by the clerk of the Probate Court.

Complainants, in citing the case of *Harp v. Parr*, *supra*, no doubt wished to have it appear to this court that the objection made below was upon the basis that a certified copy by the clerk of the court, of the transcript of the testimony, was not offered in evidence instead of the original transcript itself. This authority does not, however, sustain complainants in that con-

tention.  The cases of *Harp v. Parr, supra,* and *Potter v. Potter,* 41 Ill. 80, state that such objection is extremely technical, and not having been made below, cannot be urged on appeal; the reasoning being further apparent in the language of Chief Justice Walker in the case of *Potter v. Potter, supra,* (p. 83):

"The statute has made a certified copy of the affidavit evidence, but the original could prove no more or less than a copy; and, unless an objection was made that it was the original, and not a copy, when it was offered, there was no error in admitting it.  The objection, however, was general, and we must presume it was intended to apply to its relevancy to the issue."

That is true also, as we read the record, in the case at bar.

There was no specific objection made to the admission of defendant's Exhibit B.  Moreover, we believe that the original transcript of the testimony of the attesting witnesses, having been produced in court and properly identified, was clearly competent.  As was said in the case of *Potter v. Potter, supra*: "The certified copy could contain no more than the original."

Though it be argued that the only purpose of the provision for a certified copy was to protect the records of the court that they may remain permanently in the place assigned by law for their security, yet, once they are in court, they may be used as a matter of proof.  In this view, we are fortified by the case of *Stevison v. Earnest,* 80 Ill. 513, wherein Mr. Justice Scholfield said (p. 517):

"The copy is receivable in evidence, not because it is better evidence than the original, but because it is presumed the original cannot be obtained.  *  *  * What end of justice can be subserved when the records of one court are actually present in another court, by refusing to receive them in evidence and requiring them to be returned to their proper custody, there to be copied, and then receiving the copy in evidence?"

Another objection to the admission of this transcript in evidence was that it stated on its back that it was

but partial proof of the will. This unexplained designation did not change the nature or character of the instrument. If the proof of the will, i. e., the testimony of the attesting witnesses, did not meet the requirements of section 2 of our statute (J. & A. ¶ 11543), complainants have failed to show that fact. Our examination, however, of this transcript shows that it meets all of the requirements of said section 2. It clearly appears from the transcript of the attesting witnesses that they were present and saw the testatrix sign the said will, in their presence, and that they believed the testatrix to be of sound mind and memory at the time of signing.

In the case of *Baker v. Baker,* 202 Ill. 595, it was held that the certificate of the oath of the witnesses at the time of the first probate is an *ex parte* declaration on oath, of the attesting witnesses, required by section 2 (J. & A. ¶ 11543), *supra;* and furthermore, a transcript of the testimony of the attesting witnesses is in the nature of such an *ex parte* declaration.

We are clearly of the opinion that defendant's Exhibit B, namely, the transcript of the attesting witnesses to the will in question, was a compliance with the provision of section 2, *supra,* and under the proof in the case at bar was such a certificate of oath as was contemplated under section 7 (J. & A. ¶ 11548), *supra,* and therefore properly admitted in evidence.

The second contention of counsel for complainants was, that the court erred in the giving of a certain instruction for the defendant and in the refusing of another offered on behalf of the complainants. The instruction complained of is as follows:

"The jury are instructed that the introduction in evidence of the transcript of the testimony of the subscribing witnesses to the will, together with the purported will itself, make a prima facie case, establishing the will, and that after a prima facie case has been made the burden of proof as to the whole case is upon those who are contesting the will to prove the allega-

tions of their bill as to the lack of testamentary capacity of the testator or as to undue influence, by a preponderance of the evidence.'' (Given)

In the case of *Baker v. Baker,* 202 Ill. 595, the Court said (p. 615):

''The uniform holding of this court has been that the certificate of the oaths of the witnesses on a bill in chancery to contest a will makes a *prima facie* case for the proponents. In *Pendlay v. Eaton,* 130 Ill. 69, we said (p. 71): 'The defendant put in evidence the will and *the testimony of the subscribing witnesses given when the will was admitted to probate,* which was *prima facie* evidence of its validity.' '' (Citing cases.)

Counsel cannot complain of an instruction that follows a principle of law that has been uniformly upheld by our Supreme Court as evidenced by the following cases: *Entwistle v. Meikle,* 180 Ill. 9; *Harp v. Parr, supra; Taylor v. Cox,* 153 Ill. 220; *Graybeal v. Gardner* 146 Ill. 337; *Wilbur v. Wilbur,* 129 Ill. 392; *Dickie v. Carter,* 42 Ill. 376. And the cases cited by counsel for complainant do not announce a different principle of law.

In refusing to give instruction No. 7, offered on behalf of the complainants, we believe the court ruled correctly, because the said instruction was clearly not applicable to the facts in the case at bar.

There remains but the contention of the complainants, that the verdict, being clearly and manifestly against the weight of the evidence, the court erred in overruling their motion to set aside the verdict and grant a new trial and in entering a decree thereon.

The issue of law made up upon the bill and answer, presented to the jury for their determination the following questions:

(1) Whether or not at the time the testatrix made the will in question she was of sound mind and disposing memory; and

(2) whether she was acting of her own free will

and accord and not by reason of the restraint or undue influence on the part of the defendant, John Burke.

We have already held that the transcript of the evidence of the attesting witnesses was properly admitted in evidence as a compliance under section 7, and that the admission of said transcript, together with the will itself, made out a prima facie case in favor of the validity of the will, and that the burden of proof was then upon the contestants to prove the allegations in their bill, by a preponderance of the evidence.

As to the charge that the testatrix was of unsound mind and memory at the time of the making of the will, the only evidence adduced on the part of the complainants was the testimony of Mrs. Van Deusen, the daughter of the husband of the testatrix, by a former marriage, although many other witnesses were called by the complainant; and she testified to certain facts from which complainants argue that a natural inference therefrom tended to show that the testatrix was of unsound mind and memory; most of the happenings testified to by Mrs. Van Deusen, however, occurred many years prior to the making of the will.

As against this testimony to overcome the prima facie case already established, there is the testimony of one of the attesting witnesses, Simeon Loudenback, who took the stand, and both on direct and cross-examination testified that at the time the will was drawn the testatrix was clear in mind, definite in purpose, and thoroughly conscious of her acts. In addition to this testimony, there is also the testimony of Dr. Todd, who attended the testatrix from January, 1900, until the time of her death in March, 1900; that he attended her about the time her will was drawn; and that he never saw anything to indicate mental derangement in the testatrix, save on the last day before her death, when uremic poisoning had set in, which brought with it a drowsiness which remained to the end; that prior to his last visit, she was of sound mind.

Clearly, on this evidence, complainants have failed to sustain by a preponderance of evidence the contention that testatrix was of unsound mind and memory at the time of the making of the will in question.

On the issue whether or not the testatrix had been unduly influenced by John Burke, the defendant herein, the complainants depended in the main on the testimony of Mrs. Nora Kennedy Van Deusen, Gertrude White, Minerva Nooks and Anna M. Wild. In our opinion, the most that can be said of the testimony of these four witnesses is, that it *tended* to support the charge that the testatrix was unduly influenced in the making of her will by the defendant. On behalf of the defendant, however, the testimony of Simeon Loudenback, Margaret Raymond, Harriet Orleane Capps, in our opinion, fairly tended to show that the testatrix was acting of her free will at the time the will was drawn and was not under any restraint or undue influence of the defendant, John Burke.

The jury might well regard with suspicion the testimony of Mrs. Van Deusen, the chief witness for complainant. On cross-examination, it developed that a contract had been entered into, providing for a distribution of whatever was recovered by reason of the successful contest of the will. Under this contract, Mrs. Van Deusen, although not entitled to any share therein by reason of heirship, was to receive one-third of the entire amount recovered as a result of the contest; one-third was to be used in paying attorneys' fees; and the remaining one-third was to be divided among six heirs at law. Under this contract Mrs. Van Deusen undertook to secure the evidence for a successful contest of the will. The jury had the right to regard her evidence in the light of her interest in the case by reason of the aforesaid contract; and further, the jury might well have received with suspicion the testimony of Anna M. Wild, which deals mainly with statements alleged to have been made to her by the defendant after this contest of the will had been begun, because of the

inherent improbability that the defendant in a will contest would make the statements attributed to him by the said Anna M. Wild.

After a careful analysis of all the testimony upon this point, we are firmly of the opinion, not only that the complainants failed to prove by a preponderance of the evidence, as was required of them, that the testatrix at the time of the making of the will acted under restraint and undue influence of the defendant, but that the clear preponderance of the evidence showed that the testatrix at the time of the making of the will in question was acting of her free will and was not unduly influenced in the making thereof, by the defendant. We are therefore of the opinion that the jury arrived at a proper verdict and that the court properly overruled complainants' motion to set it aside.

Finding no reversible error, the judgment of the Circuit Court will be affirmed.

*Affirmed.*