# Illinois Official Reports

## Appellate Court

*People v. Martin*, 2017 IL App (4th) 150021

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TRANCE N. MARTIN, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-15-0021 |
| Filed | June 21, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 14-CF-86; the Hon. Richard P. Klaus, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Michael Gomez, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, David J. Robinson, and Luke McNeill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE KNECHT delivered the judgment of the court, with opinion.<br>Presiding Justice Turner and Justice Appleton concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Trance N. Martin, appeals his September 2014 conviction of aggravated driving under the influence (DUI) in violation of section 11-501(d)(1)(H) of the Illinois Vehicle Code (625 ILCS 5/11-501(d)(1)(H) (West 2014)). On appeal, defendant argues (1) the trial court committed plain error by admitting improper lay opinion testimony and (2) defense counsel was ineffective for failing to (a) object to Illinois State Police trooper Tyler Vandeventer's testimony on improper lay opinion grounds and (b) preserve the relevance objection to Trooper Vandeventer's testimony in his posttrial motion to reconsider his sentence. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3    In January 2014, defendant was charged by information with aggravated DUI in violation of section 11-501(d)(1)(H) of the Vehicle Code (625 ILCS 5/11-501(d)(1)(H) (West 2014)). In September 2014, a jury found defendant guilty. In November 2014, the trial court sentenced defendant to three years in prison. Because defendant does not challenge the sufficiency of the evidence and our analysis does not require us to consider the totality of the evidence, we limit our statement of facts to those necessary to resolve defendant's issues on appeal.

¶ 4    At defendant's September 2014 jury trial, Trooper Vandeventer gave the following testimony. In January 2014, Trooper Vandeventer was dispatched to a vehicle off the road on Interstate 74 in Champaign County, Illinois. Upon arriving at the scene, Trooper Vandeventer discovered a black car in the ditch and two men standing outside the vehicle. Trooper Vandeventer approached the men, who identified themselves as Trance Martin (defendant) and Gaston Woodland. Trooper Vandeventer asked if the men were all right, and they responded they were. Trooper Vandeventer then asked who had been driving the vehicle, and defendant stated his wife, Virginia Latimore-Martin, had been driving. Defendant explained his wife accepted a ride from someone on the interstate to get a tow truck. Woodland initially agreed with this account and stated he had been seated in the back passenger seat. It had snowed earlier in the day, but Trooper Vandeventer noted there were no footprints in the snow walking away from the vehicle or walking along the interstate. Trooper Vandeventer also noted a strong smell of alcohol on defendant's breath.

¶ 5    Trooper Vandeventer returned to his squad car to run a check on defendant's and Woodland's licenses and discovered defendant's license had been revoked. Trooper Vandeventer reapproached the men and again asked who had been driving the vehicle. Woodland then indicated defendant had been driving and he had been sitting in the front passenger seat, not the back. Illinois State Police trooper Matthew Hedges then arrived on the scene and took over the investigation because Trooper Vandeventer had been dispatched to another crash scene. After establishing the above facts, Trooper Vandeventer gave the following testimony:

"Q. And based on your training and experience and everything you learned at the scene, obviously Trooper Hedges arrested the defendant for driving while license revoked. Who did you think was driving?

[Defense counsel]: Objection, Your Honor.

THE COURT: Overruled.

A. I believe [defendant] was driving.

Q. How did you come to that conclusion?

A. Just his story didn't seem to make sense to me, and the fact that I don't know why he would send his wife to get help with some stranger off the interstate. And it just, with what Mr. Woodland said, also the fact that he was actually sitting in the front passenger seat, made me not believe [defendant]."

¶ 6 Trooper Hedges testified to the following facts. When he arrived on the scene, he observed Trooper Vandeventer talking to two men. Trooper Hedges approached, and Trooper Vandeventer indicated he believed defendant had been driving. Trooper Hedges noticed defendant appeared disoriented, his eyes were red and glassed-over, and his breath smelled of alcohol. Trooper Hedges asked defendant how many alcoholic beverages he had consumed, and defendant responded he had consumed "four beers approximately." Defendant reiterated his statement his wife had been driving the vehicle and left for help with someone driving down the interstate. Trooper Hedges administered a field sobriety test, but the test was inconclusive. Trooper Hedges arrested defendant for driving with a revoked license. Trooper Hedges transported defendant to the jail and administered the "walk-and-turn" field sobriety test and the "one-legged stand" field sobriety test, both of which indicated defendant was impaired. Defendant was then charged with DUI.

¶ 7 Woodland testified he and defendant had been at a friend's house on the day of the accident. Defendant drove Woodland to the friend's house, and the two stayed there for about an hour and a half. While they were there, they drank "a lot" of alcoholic beverages, according to Woodland. They later left the house, and defendant drove. While defendant was driving, he slid off the road. Woodland stated Virginia Latimore-Martin was not with them on the date of the accident.

¶ 8 Defendant testified in his defense and reiterated his statement his wife had been driving the vehicle and left the scene after the accident to get help. William Grier, who had also been at the gathering with defendant and Woodland, testified he saw Virginia Latimore-Martin pick defendant and Woodland up from the house. Virginia Latimore-Martin testified she drove defendant to the friend's house on the day of the accident and then picked defendant and Woodland up later in the evening. She testified she was driving the vehicle when it slid off the road. According to Latimore-Martin, defendant and Woodland bickered about how to handle the situation after the car had slid off the road, so she walked up the road. While she was walking, a woman stopped and asked if she needed help. Latimore-Martin testified she asked for a ride to a towing company, and the woman complied with the request. Latimore-Martin testified she called defendant on his cellular phone when she got to the towing company, and Trooper Vandeventer answered defendant's phone and stated defendant had been arrested for DUI. She testified she did not tell Trooper Vandeventer she had been the driver but, rather, asked what would happen to her car.

¶ 9 The jury returned a guilty verdict, and the trial court sentenced defendant to three years in prison. Defendant timely filed a posttrial motion to reconsider his sentence, which was denied.

¶ 10 This appeal followed.

¶ 11                                            II. ANALYSIS

¶ 12        On appeal, defendant argues (1) the trial court committed plain error by admitting improper lay opinion testimony and (2) defense counsel was ineffective for failing to (a) object to Illinois State Police Trooper Tyler Vandeventer's testimony on improper lay opinion grounds and (b) preserve the relevance objection to Trooper Vandeventer's testimony in his posttrial motion to reconsider his sentence.

¶ 13                                            A. Plain Error

¶ 14        Defendant concedes he forfeited his argument the trial court erred by overruling his objection to Trooper Vandeventer's testimony, but he requests plain-error review, arguing the evidence at trial was closely balanced. The State maintains the issue is forfeited because the testimony was proper lay opinion testimony and any error was harmless. We review a court's evidentiary ruling for an abuse of discretion. *People v. Lerma*, 2016 IL 118496, ¶ 23, 47 N.E.3d 985. "An abuse of discretion occurs only where the trial court's decision is 'arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it.' " *Id.* (quoting *People v. Rivera*, 2013 IL 112467, ¶ 37, 986 N.E.2d 634).

¶ 15        Initially, we note the proper inquiry when considering a forfeited claim is whether plain error occurred, not whether harmless error occurred. *People v. Thurow*, 203 Ill. 2d 352, 363, 786 N.E.2d 1019, 1025 (2003). The plain-error doctrine permits a reviewing court to bypass forfeiture rules and consider a clear or obvious error that occurred during the trial. *People v. Shaw*, 2016 IL App (4th) 150444, ¶ 69, 52 N.E.3d 728; see also Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court."). The plain-error doctrine may be invoked where the evidence is closely balanced or where the error deprived the defendant of a fair hearing. *People v. Baker*, 341 Ill. App. 3d 1083, 1090, 794 N.E.2d 353, 359 (2003). "As a matter of convention, our court typically undertakes plain-error analysis by first determining whether error occurred at all." *People v. Sargent*, 239 Ill. 2d 166, 189, 940 N.E.2d 1045, 1059 (2010).

¶ 16        As defendant notes, "[w]hen a party has stated no basis for an objection and the trial court has [overruled] the objection but provided no reason for its ruling, this court presumes that the trial court ruled on the grounds of relevancy." *People v. Boston*, 2016 IL App (1st) 133497, ¶ 61, 54 N.E.3d 217; see also *People v. Potter*, 41 Ill. 80, 84 (1866) ("The objection, however, was general, and we must presume it was intended to apply to its relevancy to the issue."). Here, defense counsel stated no basis for the objection, and the trial court stated no basis for its ruling. We presume the objection and ruling applied to relevance.

¶ 17        Because we presume the objection related to relevance—not improper lay opinion—the trial court did not abuse its discretion with respect to defendant's argument raised on appeal, *i.e.*, Trooper Vandeventer's testimony was improper lay opinion testimony. Logically, a court cannot have abused its discretion where it had no opportunity to exercise such discretion. Accordingly, defendant's argument the court erred by allowing improper lay witness testimony is misplaced. See *Shaw*, 2016 IL App (4th) 150444, ¶ 63, 52 N.E.3d 728 ("Initially, we note that the objections advanced by defense counsel at trial were based on relevance rather than improper lay opinion testimony. Thus, we limit our review of the issue to defendant's argument related to relevance.").

¶ 18        Defense counsel objected to the State's question of who Trooper Vandeventer believed was driving. Defendant argues Trooper Vandeventer's belief defendant was driving was

irrelevant because it did not make this fact of consequence more or less probable. Defendant further argues Trooper Vandeventer's testimony was "so prejudicial that [it] outweighed whatever probative value [it] might have had." However, defendant's prejudice argument also relates to testimony to which defense counsel did not object. As stated, without an objection, the trial court does not exercise discretion for us to review. We limit our inquiry to whether the trial court committed plain error by admitting over defense counsel's objection Trooper Vandeventer's testimony he believed defendant was driving.

¶ 19 Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ill. R. Evid. 401 (eff. Jan. 1, 2011). Relevant evidence is generally admissible. Ill. R. Evid. 402 (eff. Jan. 1, 2011). However, relevant evidence is inadmissible "if the prejudicial effect of admitting that evidence *substantially outweighs* any probative value." (Emphasis in original and internal quotation marks omitted.) *Shaw*, 2016 IL App (4th) 150444, ¶ 63, 52 N.E.3d 728; see also Ill. R. Evid. 403 (eff. Jan. 1, 2011) (relevant evidence is inadmissible if it is unfairly prejudicial). "In this context, prejudice means 'an undue tendency to suggest decision on an improper basis, commonly an emotional one, such as sympathy, hatred, contempt, or horror.' " *People v. Eyler*, 133 Ill. 2d 173, 218, 549 N.E.2d 268, 288 (1989) (quoting Michael H. Graham, Cleary and Graham's Handbook of Illinois Evidence § 403.1 (4th ed. 1984)).

¶ 20 The State did not respond to defendant's relevance argument, and defendant argues the State forfeited any argument to the contrary, citing *People v. Williams*, 193 Ill. 2d 306, 347, 739 N.E.2d 455, 477 (2000) ("The rules of [forfeiture] are applicable to the State as well as the defendant in criminal proceedings, and the State may [forfeit] an argument ***."). However, the State's forfeiture in this instance does not prevent us from considering whether the trial court abused its discretion with respect to relevance. See *In re Charles H.*, 409 Ill. App. 3d 1047, 1055, 950 N.E.2d 710, 716 (2011).

¶ 21 We disagree with defendant's position. Our review of Trooper Vandeventer's testimony shows the question to which defendant objected was asked during a line of questions about how Trooper Vandeventer investigated the scene and why defendant was placed under arrest. Testimony about the investigation and circumstances of defendant's arrest was relevant, as it was likely to assist the jury in determining whether defendant was driving.

¶ 22 Defendant argues Trooper Vandeventer's testimony was unfairly prejudicial because the jury was likely to believe him due to his role as a state trooper, citing *People v. Crump*, 319 Ill. App. 3d 538, 542, 544, 745 N.E.2d 692, 698 (2001). Defendant also makes much of the fact Trooper Vandeventer's testimony related to "the *only* issue for the jury to decide" (emphasis in original) and complains this testimony "usurped the province of the jury to judge the credibility of witnesses and decide the facts." We reject these arguments. Our court recently stated:

> "Illinois courts have rejected the so-called 'ultimate fact' doctrine, which held that a witness may not express his opinion as to the ultimate issue in a case. Instead, 'it is now well settled that a witness, whether expert or lay, may provide an opinion on the ultimate issue in a case. [Citation.] This is so because the trier of fact is not required to accept the witness' conclusion and, therefore, such testimony cannot be said to usurp the province of the jury.' " *People v. Willett*, 2015 IL App (4th) 130702, ¶ 98, 37

N.E.3d 469 (quoting *People v. Terrell*, 185 Ill. 2d 467, 496-97, 708 N.E.2d 309, 324 (1998)).

See also Ill. R. Evid. 704 (eff. Jan. 1, 2011) ("Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.").

¶ 23    The fact defendant was arrested for driving with a revoked license necessarily means Trooper Vandeventer believed defendant was driving. Put another way, if Trooper Vandeventer did not believe defendant was driving, Trooper Hedges would not have arrested defendant. Accordingly, Trooper Vandeventer's testimony did not encourage the jury to make its decision on an improper basis but, rather, pointed to an obvious inference based upon the facts already in evidence. We find no unfair prejudice in Trooper Vandeventer's statement he believed defendant was driving. We conclude the trial court did not abuse its discretion or commit plain error by overruling defendant's objection to Trooper Vandeventer's testimony, and we honor defendant's forfeiture.

¶ 24                          B. Ineffective Assistance of Counsel

¶ 25    Defendant raises two claims of ineffective assistance of counsel: trial counsel was ineffective for failing to (1) object to Trooper Vandeventer's testimony on improper lay opinion grounds and (2) preserve the relevance objection to Trooper Vandeventer's testimony in his posttrial motion to reconsider his sentence. The United States Constitution and the Illinois Constitution guarantee the right to counsel in criminal trials. U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8. To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate (1) counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance resulted in prejudice to the defendant such that, but for counsel's errors, a different result would have been reached. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We recognize a strong presumption counsel's conduct was reasonable and effective. *Id.* at 689. Our supreme court has "made it clear that a reviewing court will be highly deferential to trial counsel on matters of trial strategy, making every effort to evaluate counsel's performance from his perspective at the time, rather than through the lens of hindsight." *People v. Perry*, 224 Ill. 2d 312, 344, 864 N.E.2d 196, 216 (2007).

¶ 26                                    1. *Lay Opinion Issue*

¶ 27    First, defendant argues trial counsel was ineffective for failing to object to Trooper Vandeventer's testimony as an improper lay opinion. The State asserts trial counsel was not ineffective because Trooper Vandeventer's testimony was proper lay opinion testimony and the decision not to object was reasonable trial strategy.

¶ 28    Illinois Rule of Evidence 701 (eff. Jan. 1, 2011) states:

"If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

¶ 29    At the outset, we note Trooper Vandeventer's opinion was rationally based upon his perceptions of the scene and his conversations with defendant and Woodland, and it was not

based upon specialized knowledge. Defendant primarily rejects the notion Trooper Vandeventer's testimony was "helpful to a clear understanding of his testimony" because it usurped the province of the jury to decide the facts at issue, relying on *Crump*. In *Crump*, the investigating officer was asked at trial, " 'Through the course of your investigation, Officer, did you have reason to believe that the defendant in this case committed this offense?' " *Crump*, 319 Ill. App. 3d at 540, 745 N.E.2d at 695. The officer responded affirmatively. *Id.* The First District concluded the testimony was an improper lay opinion and the trial court abused its discretion by admitting it. *Id.* at 543-44, 745 N.E.2d at 697-98; but see *id.* at 545, 745 N.E.2d at 698 (Homer, P.J., dissenting) ("In this context, I do not think the testimony can be fairly construed as opinion testimony in the first place.").

¶ 30    Like the court in *People v. Degorski*, 2013 IL App (1st) 100580, ¶ 85, 998 N.E.2d 637, which agreed with Presiding Justice Homer's dissent in *Crump*, we note *Crump* predates the supreme court's decision in *People v. Hanson*, 238 Ill. 2d 74, 939 N.E.2d 238 (2010), which we find instructive. In *Hanson*, the supreme court drew a line between past and present opinions, concluding statements of past opinions were not improper lay opinions and were admissible. *Id.* at 101, 939 N.E.2d at 254. The testimony at issue was investigating officer Detective Nilles's statement, " 'Jennifer thinks you did this' " and the witness Jennifer's testimony she in fact made that statement to Detective Nilles. *Id.* The defendant argued this testimony was an improper lay opinion because it implied Detective Nilles believed he was guilty of the crime. *Id.* The supreme court held:

"Detective Nilles did not testify that he believed defendant was guilty. Nor did Jennifer testify that she believed defendant was guilty. Rather, both Nilles and Jennifer testified to a statement which indicated, at the time the statement was made, that Jennifer thought defendant had caused the victims' deaths. At no time was any testimony offered as to Jennifer's present opinion of defendant's guilt or innocence. Thus, while defendant may arguably challenge the testimony as to relevance and hearsay concerns, we reject defendant's argument that this testimony constituted improper opinion testimony." *Id.*

¶ 31    The First District examined *Hanson* in *Degorski*. The *Degorski* court explained the *Hanson* court drew a distinction between past and present opinion testimony, concluding "present opinion testimony is improper" while "previous opinion testimony is permissible." *Degorski*, 2013 IL App (1st) 100580, ¶ 84, 998 N.E.2d 637. Citing *People v. Moore*, 2012 IL App (1st) 100857, 964 N.E.2d 1276, the *Degorski* court concluded the *Hanson* principle applied to authority figures' prior opinions as well as general lay witnesses', meaning the fact Trooper Vandeventer is an authority figure is of no import to our Rule 701 analysis. See *Degorski*, 2013 IL App (1st) 100580, ¶ 80, 998 N.E.2d 637. The *Degorski* court noted, " '[w]here the testimony is not a current comment on the defendant's credibility *** the police accusations may be seen as a standard interrogation tactic, rather than an improper opinion on [the defendant's] credibility.' " *Id.* ¶ 79 (quoting *Moore*, 2012 IL App (1st) 100857, ¶ 52, 964 N.E.2d 1276). The *Degorski* court concluded the officer's testimony reflecting his prior opinion about the defendant's credibility during an interrogation was not improper opinion testimony because it was a past—not present—opinion. In support, the court stated:

"This case[ ] resembles *Hanson* and [*People v.*] *Chaban* [2013 IL App (1st) 112588, 994 N.E.2d 1057]. [The officer] expressed an opinion regarding defendant's guilt, but like the witnesses in *Hanson* and *Chaban*, it was not his present opinion.

Rather, he testified in the past tense in both his solicited and unsolicited testimony: 'his statement to me *was* reliable'; 'I *believed* him, Counsel'; and 'I told you why I *believed* it was reliable.' [The officer] was referring to his belief at the time of the interrogation, not his belief at the time of trial." (Emphases in original.) *Id.* ¶ 78.

We agree with the application of *Hanson* in *Degorski* and *Moore*.

¶ 32    Here, the State's questions with respect to Trooper Vandeventer's testimony were phrased in the past tense. The State asked, "Who *did* you think was driving?" and "How *did* you come to that conclusion?" (Emphases added.) Though Trooper Vandeventer's answer to the first question was phrased in the present tense, his answer to the second question clarified the fact he was testifying about his prior beliefs. Pursuant to the *Hanson* principle, this testimony was not an improper lay opinion because it was not offered as a present opinion on defendant's credibility but, rather, was a statement of past belief offered to explain the course of investigation, *i.e.*, why defendant was ultimately arrested. See *Hanson*, 238 Ill. 2d at 101, 939 N.E.2d at 254 (concluding testimony of a past opinion is not improper opinion testimony); see also *Degorski*, 2013 IL App (1st) 100580, ¶ 84, 998 N.E.2d 637 (noting prior opinions are admissible "on the basis that they were part of a sequential account of the detective's [interrogation]" (citing *People v. Munoz*, 398 Ill. App. 3d 455, 488, 923 N.E.2d 898, 925 (2010))). We conclude Trooper Vandeventer's testimony about his past opinion was outside the purview of Rule 701.

¶ 33    "Counsel cannot be considered ineffective for failing to make or pursue what would have been a meritless objection." *People v. Edwards*, 195 Ill. 2d 142, 165, 745 N.E.2d 1212, 1225 (2001). Because we conclude Trooper Vandeventer's testimony was not barred by Rule 701, defense counsel cannot have been ineffective for failing to object on Rule 701 grounds.

¶ 34    Even if Trooper Vandeventer's testimony was barred by Rule 701, defendant was not prejudiced such that, but for counsel's failure to object on improper opinion grounds, a different result would have been reached. See *Strickland*, 466 U.S. at 687. We recognize the *Strickland* prejudice prong does not require merely omitting the tainted evidence and conducting a sufficiency-of-the-evidence analysis. See *People v. Moore*, 279 Ill. App. 3d 152, 161, 663 N.E.2d 490, 497-98 (1996) (citing *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)). "A 'reasonable probability' is defined as 'a probability sufficient to undermine confidence in the outcome.' " *People v. Simpson*, 2015 IL 116512, ¶ 35, 25 N.E.3d 601 (quoting *Strickland*, 466 U.S. at 694). With this principle in mind, we must still examine the evidence presented at trial to consider whether Trooper Vandeventer's statements undermined the outcome of the trial.

¶ 35    We have already determined Trooper Vandeventer's testimony was not unfairly prejudicial so as to require its exclusion per Rule 403, chiefly because it was an obvious inference to be drawn from the evidence; if Trooper Vandeventer believed defendant's statement his wife was driving, defendant would not have been arrested. Trooper Vandeventer's testimony was not a flagrant statement informing the jury defendant was guilty and it should disregard his defense; rather, it was a statement of his belief at the time of the incident—a belief which guided his investigation. *Cf. Munoz*, 398 Ill. App. 3d at 488-89, 923 N.E.2d at 926 (finding unfair prejudice where the officer's lay opinion "invade[d] the province of the jury" by telling it whom to believe).

¶ 36    Trooper Hedges also testified Trooper Vandeventer indicated he believed defendant was driving the vehicle, meaning even if defense counsel successfully excluded Trooper Vandeventer's testimony on improper opinion grounds, the jury would have nonetheless heard

Trooper Hedges's testimony about Trooper Vandeventer's belief defendant was driving. See *Hanson*, 238 Ill. 2d at 102, 939 N.E.2d at 255 (out-of-court statements are admissible to prove something other than the truth of the matter asserted, such as the course of investigation, state of mind, or effect on the listener). The jury would have also heard Woodland's testimony indicating defendant was indeed driving the vehicle. Given the cumulative nature of the evidence and the context in which the testimony was given, we find no reasonable probability Trooper Vandeventer's testimony tainted the jury to the extent a different result would have been reached had defense counsel successfully moved to exclude the statement. Our confidence in the outcome is not undermined based on the admission of the allegedly inadmissible testimony.

¶ 37    Though defendant lumps together Trooper Vandeventer's two statements (*i.e.*, (1) he believed defendant was driving and (2) the reasons why) and argues they are unfairly prejudicial throughout his brief, he does not specifically argue defense counsel was ineffective for failing to raise an objection to Trooper Vandeventer's second statement on either relevancy or unfair prejudice grounds. Nevertheless, we conclude Trooper Vandeventer's second statement was not unfairly prejudicial.

¶ 38    As previously stated, the facts of Trooper Vandeventer being an authority figure and his testimony relating to an ultimate issue of fact are of no import here. Trooper Vandeventer did not phrase his testimony in such a way as to imply the jury should believe the State's case as opposed to defendant's. Compare *Munoz*, 398 Ill. App. 3d at 488-89, 923 N.E.2d at 926 (finding unfair prejudice where the officer's lay opinion "invade[d] the province of the jury" by telling it whom to believe), with *Hanson*, 238 Ill. 2d at 101, 939 N.E.2d at 254 (concluding a statement of past opinion was not unfairly prejudicial where the testimony explained the course of investigation and was not a present opinion of the defendant's guilt or credibility). Trooper Vandeventer merely stated why he believed defendant was driving, which explained why and how defendant was investigated and ultimately arrested. His belief was supported by his observations of the scene and Woodland's confession. This was not a "human lie detector" situation (*cf. People v. O'Donnell*, 2015 IL App (4th) 130358, ¶ 32, 28 N.E.3d 1026), and Trooper Vandeventer's testimony did not encourage the jury to base its decision on improper factors; rather, his testimony encouraged the jury to make its decision based on the evidence.

¶ 39    We conclude this testimony was not unfairly prejudicial, as the probative value in explaining the course of the investigation and arrest was not substantially outweighed by any prejudicial effect. See Ill. R. Evid. 403 (eff. Jan. 1, 2011). Despite the fact defendant failed to clearly assign error to defense counsel with respect to Trooper Vandeventer's second statement, we conclude any such argument would have been groundless, and we reject his argument Trooper Vandeventer's second statement was unfairly prejudicial.

¶ 40                              2. *Preservation Issue*

¶ 41    Defendant next argues trial counsel was ineffective for failing to preserve the relevance objection to Trooper Vandeventer's testimony. Having determined the trial court did not abuse its discretion by ruling the testimony was relevant, the question of whether trial counsel was ineffective for failing to preserve the issue is moot. We decline to address defendant's argument.

¶ 42                                      III. CONCLUSION

¶ 43          We affirm the trial court's judgment and award the State its $50 statutory assessment against defendant as costs of this appeal. 55 ILCS 5/4-2002 (West 2014).

¶ 44          Affirmed.