## JESSE WILBUR

### *v.*

### JOHN G. WILBUR *et al.*

*Filed at Mt. Vernon June 17, 1889.*

1. BURDEN OF PROOF—*generally.* The burden of proof, in all cases, must rest upon the party against whom is thrown the weight of the presumption as to the facts which the law raises. It is not necessary that such presumption should always arise in the first instance, provided it is so raised as to affect the decision of the whole case.

2. SAME—*on contest of will—testamentary capacity.* On the contest of a will, upon the question of testamentary capacity, the law throws the burden of proving the sanity of the testator, in the first instance, on the party asserting the validity of the will; but after a *prima facie* case has been made out by the testimony of the subscribing witnesses, the weight of the legal presumption in favor of sanity is in favor of the proponent, from which it necessarily results that upon the whole case the burden of proof rests upon the contestants.

3. If, upon the whole evidence, the law raises a *prima facie* presumption, the party against whom it arises will be entitled to a verdict only upon proving his case by a preponderance of the evidence. When the *prima facie* case is once made, the contestants must fail, unless the preponderance of the whole of the evidence is on their side.

4. Same—*instruction on that subject.* On the trial of a bill contesting a will, the court, at the instance of the contestants, instructed the jury, "that it devolves upon the proponent of this will to prove, by a preponderance of the evidence, that at the time of signing and acknowledging said will, the said W. (testator) was of sound mind and memory, as defined in the instructions of the court, and if he has failed to do so, you should find that it is not his will:" *Held,* that as the instruction was not limited to the question of the proponent's duty to establish the validity of the will, in the first instance, by the testimony of the subscribing witnesses, it was erroneous.

5. Instructions—*of the accuracy necessary.* Where the evidence on a bill to contest a will, as to the mental capacity of the maker, is conflicting, so that each party's evidence, standing alone, would justify a finding in his favor, it is very important that the jury should be accurately instructed as to the law of the case.

6. Same—*whether defect in one is cured by another.* In this case, where the evidence was conflicting, an error in giving one instruction was considered not to have been cured by a correct one given at the instance of the other party against whom the verdict was rendered.

Appeal from the Circuit Court of Fayette county; the Hon. James A. Creighton, Judge, presiding.

Mr. Henry C. Goodnow, and Messrs. Farmer & Brown, for the appellant:

After the proponent establishes the will by the subscribing witnesses, he makes a *prima facie* case, and the burden of proof shifts to the contestants. *Carpenter* v. *Calvert,* 83 Ill. 62.

Messrs. Cratty Bros., for the appellees:

The third instruction given for contestants is correct. It refers directly to the time of making the will, and comes directly under the rule in *Carpenter* v. *Calvert,* cited by counsel.

The *onus* is clearly upon the proponent of the will. *Holloway* v. *Galloway,* 51 Ill. 159; *In re Bonse's Will,* 18 Bradw. 433; *Rigg* v. *Wilton,* 13 Ill. 15; *Tate* v. *Tate,* 89 id. 42.

When a bill is filed to set aside a will, the burden of sustaining the will is upon those averring its validity, and the question is tried *de novo.* *Tate* v. *Tate,* 89 Ill. 42; *Carpenter* v. *Calvert,* 83 id. 62.

The parties supporting the will must prove that the will was executed by the testator, that he acknowledged the execution to be his act, and that he was at the time of sound mind and memory,—or, in other words, if the complainants can show the want of any of the necessary elements which make a valid will, the will must fall. Jarman on Wills, (5th Am. ed.) 104; Redfield on Wills, 30-50; *Turner* v. *Cooke,* 36 Ind. 129; *Perkins* v. *Perkins,* 39 N. H. 163; *Brooks* v. *Barrett,* 7 Peck, 94; *Dickie* v. *Carter,* 42 Ill. 376; *Crowley* v. *Crowley,* 80 id. 473.

Mr. Justice Bailey delivered the opinion of the Court:

This was a bill in chancery, brought by John G. Wilbur, Mary Switzer, Charles A. Switzer and Dennis W. Switzer, against Jesse Wilbur, to contest the will of Dennis S. Wilbur, deceased. John G. Wilbur, one of the complainants, and Jesse Wilbur, the defendant, are sons of the testator, the latter being the executor and proponent of the will. The other complainants are the children of a deceased daughter of the testator. Dennis S. Wilbur died June 7, 1885, leaving him surviving the complainants and defendant, his children and grandchildren and only heirs at law, and leaving an instrument in writing purporting to be his last will and testament, bearing date May 5, 1885. On the 18th day of June, 1885, said will was duly admitted to probate, and letters testamentary thereon were granted to said Jesse Wilbur, who qualified and entered upon his duties as executor.

The bill was filed September 1, 1885, and alleges that said Dennis S. Wilbur, at the time of executing said instrument, was not of sound mind and memory, but on the contrary, was much enfeebled by age and disease, and his mind and memory were so impaired as to render him wholly incapable of making any just and proper distribution of his estate; also, that the execution of said instrument was brought about by undue arts,

fraudulent practices and improper influences on the part of said Jesse Wilbur. The defendant answered admitting the execution of said instrument, and alleging its probate and the issuing of letters testamentary, but denying that the testator, at the time of its execution, was of unsound mind and memory and incapable of making a will, and also denying that the defendant used or exercised any fraudulent practices or undue influence to induce the testator to execute said will, and alleging that said instrument was the last will and testament of Dennis S. Wilbur, deceased.

The issue as to whether said instrument was the will of Dennis S. Wilbur was submitted to a jury who, by their verdict found that it was not his will, and on such finding the court entered a decree adjudging and decreeing said instrument and the proceedings thereunder to be null and void. From that decree the defendant has appealed to this court.

The court instructed the jury that there was no evidence which would warrant their considering the issue of undue influence, and the propriety of that instruction is not now challenged by either party. Upon the question of testamentary capacity the evidence was voluminous and very conflicting. The testator, at the date of the will, was a man sixty-six years of age, and had then been for a considerable time suffering from failing health and bodily infirmity which a little more than a month later resulted in his death. The evidence introduced on behalf of the proponent of the will tending to show testamentary capacity, consisted mainly of the testimony of witnesses as to various matters of business which the testator had personally transacted or in which he had personally participated within the last few weeks prior to the date of the will, and to some extent subsequent to that date, and also the testimony of the justice of the peace who drew the will, as to the acts of the deceased and his apparent physical and mental condition on that occasion. There can be no doubt that this testimony, if it stood alone and was believed by the jury,

would have been sufficient to sustain a finding in favor of the proponent of the will.

On the other hand, the contestants produced a large number of witnesses, some nineteen in all, many if not most of whom had known the testator intimately for years, and had seen and conversed with him frequently at about the date of the will, and who testify that, owing to his mental and physical infirmities, he was incapable of transacting ordinary business, or of understanding or comprehending the business in which he was engaged when making his will. They also support the opinions thus expressed by testimony as to the conversations, conduct, appearance and demeanor of the testator during a period of several weeks, including the date of the will. This testimony, if believed by the jury, was, in our opinion, if standing alone, sufficient to warrant a verdict in favor of the contestants.

The evidence being thus conflicting, it was highly important that the jury should be accurately instructed as to the law. An instruction in relation to the burden of proof, and the legal presumptions as to the sanity of the testator, was given at the instance of the proponent, following strictly and accurately the rule laid down by this court in *Carpenter* v. *Calvert,* 83 Ill. 62. That instruction was as follows:

"The court instructs the jury that, as a matter of law, when the party insisting on the validity of a will, has established the sanity of the testator at the time of the making of the will, by the oath or affirmation of two of the subscribing witnesses, and that the will was legally executed, acknowledged and witnessed, as explained in these instructions, then a *prima facie* case in favor of the will is made out, and the party asserting the validity of the will must prevail and the will must stand, unless the party seeking to contest the will on the ground of insanity has produced evidence of want of necessary capacity sufficient to overcome or neutralize the effect of the affirmative testimony given in favor of the validity of the will, and also

to overcome and neutralize the presumption arising from the general rule of law which is, that all men are presumed sane until the contrary is proven, and unless such *prima facie* case is so overcome or neutralized, your verdict should be in favor of the validity of the will."

While the rule as stated in this instruction throws the burden of proving the sanity of the testator, in the first instance, on the party asserting the validity of the will, yet after a *prima facie* case has once been made out by the evidence of the subscribing witnesses, it throws the weight of the legal presumption in favor of sanity into the scale in favor of the proponent, from which it necessarily results that, upon the whole case, the burden of proof rests upon the contestants. In the case above cited, we said: "Our statute, from an abundance of caution, provides that, in the first instance, the validity of a will shall not rest merely upon this presumption of law, arising from the fact that the will was duly executed, but requires that the witnesses who subscribed to the will shall testify affirmatively to the testamentary capacity of the party making the will. When this has been done, however, and contradictory testimony is produced tending to show want of testamentary capacity, the party asserting the validity of the will must prevail, unless the contradictory testimony be sufficient to overcome or neutralize the effect, not only of the affirmative testimony given in favor of the validity of the will, but also to overcome or neutralize that presumption arising from the general rule of law, that all men are presumed sane until the contrary is proven. In weighing the conflicting proofs, the party supporting the will is entitled to the benefit of this presumption."

The burden of proof in all cases must rest upon the party against whom is thrown the weight of the presumption, as to the facts, which the law raises. It is not necessary that such presumption should always arise in the first instance, provided it is so raised as to affect the decision of the whole case.

If upon the whole evidence the law raises a *prima facie* presumption, the party against whom it arises will be entitled to a verdict only upon proving his case by a preponderance of the evidence. It follows that in cases like the present, the contestants must fail unless the preponderance is on their side. The court, however, at the instance of the contestants, gave to the jury the following instruction:

"That it devolves upon the proponent of this will to prove by a preponderance of the evidence that, at the time of signing and acknowledging said will, the said Dennis S. Wilbur was of sound mind and memory as defined in the instructions of the court, and if he has failed to do so, you should find that it is not his will."

This instruction was not limited to the question of the proponent's duty to establish the validity of the will, in the first instance, by the testimony of the subscribing witnesses, but lays down a rule requiring it to appear, upon consideration of the whole case, that the preponderance of the evidence as to the testamentary capacity of the testator was with the proponent. That such is not the rule has already been sufficiently shown. The instruction was therefore erroneous, and as it had a tendency to deprive the proponent of the benefit of the legal presumption in favor of the testator's sanity, such error necessitates a reversal of the decree. It cannot be said that the error was cured by the correct instruction given at the instance of the proponent. The two instructions are inconsistent and contradictory, and we can not say that the jury were not guided in their deliberations by the erroneous instruction.

Various other questions are discussed by counsel, but as the error already pointed out disposes of the case, other points need not be considered. The decree will be reversed and the cause remanded.

*Decree reversed.*