(No. 24067.—

JOHN C. BEHNKE, Appellee, *vs.* THE PRESIDENT AND BOARD OF TRUSTEES OF THE VILLAGE OF BROOKFIELD *et al.* Appellants.

*Opinion filed June 11, 1937.*

PAUL W. PRETZEL, Village Attorney, and HOMER C. DAWSON, for appellants.

CLARENCE C. TAYLOR, and CHARLES H. BORDEN, for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

The officers of the village of Brookfield have appealed from a judgment of the circuit court of Cook county declaring a zoning ordinance unconstitutional. The action arose upon the verified petition of Behnke for a writ of *mandamus* to require the village authorities to re-zone his residence property into a commercial classification, so he might operate a parking lot and erect a refreshment stand thereon. The petition, by leave of court, was amended to include a count challenging the validity of the ordinance under the State and Federal constitutions. The lower court has certified that the validity of a municipal ordinance is in issue.

Our view of certain errors relied upon by the appellants renders unnecessary a determination of the constitutionality of the ordinance.

The zoning board of appeals of the village recommended that Behnke's property be given a commercial classification, notwithstanding the objections of some two hundred and fifty petitioners and the opposition testimony of numerous

property owners and officers, directors and teachers in nearby high schools. The president and the trustees of the village board refused to act upon the report and recommendation of the zoning board. When this fact came to the attention of the trial judge, he ruled that the action of the zoning board caused the burden of proof to shift from Behnke to the village authorities, and that the village should thereafter have the burden of proving that the ordinance was reasonable and valid. In this ruling the court erred.

The presumption is in favor of the validity of a zoning or other ordinance adopted pursuant to a legislative grant, and it is incumbent upon the property owner attacking it to affirmatively and clearly show its unreasonableness. *Standard Oil Co.* v. *City of Danville,* 199 Ill. 50; *People* v. *Village of Oak Park,* 266 id. 365; *Village of Western Springs* v. *Bernhagen,* 326 id. 100; *Rothschild* v. *Hussey,* 364 id. 557; *Punke* v. *Village of Elliott,* id. 604.

The phrase "burden of proof" is a much abused term because it has been the tendency of courts and lawyers to use the phrase loosely to mean either the need of establishing the existence of a fact or facts by evidence which preponderates to a legally determined degree, or the task resting upon a party litigant, at any particular time during the trial, to create a *prima facie* case in his own favor or to destroy one when created by the opposing litigant. "Burden of proof" should be restricted to the first situation, and burden of going forward with evidence is a more exact expression to use in denominating the second situation. (22 Corpus Juris, p. 67; *Donovan* v. *St. Joseph's Home,* 295 Ill. 125; *Sellers* v. *Kincaid,* 303 id. 216.) The burden of proof rests upon Behnke, as he has assumed the offensive with an attack on the validity of the ordinance. (*Wilbur* v. *Wilbur,* 129 Ill. 392; *Britt* v. *Darnell,* 315 id. 385.) He has asked the court to believe that the ordinance, as applied to him, is unreasonable and confiscatory, and that judgment be rendered in his favor; he must therefore furnish, as his

burden, the evidence upon which the court can legally adjudge in his favor. (*Prentice* v. *Crane,* 234 Ill. 302.) The report and recommendation of the zoning board of appeals of the village is the product of a minor administrative body which the village board could either adopt or reject. The instant report was nothing more than a recommendation, bare of any findings of fact adduced from evidence presented to the zoning board. It simply represented the conclusions of that body. The probative force of this report, in any event, was practically *nil* and it was entitled to no more weight than the conclusions of a witness resting upon facts not in evidence. The ruling of the lower court gave to Behnke an unfair advantage not cognizable in law. In a hearing of this nature, the proponent of the issue is always on the offensive, and has the continuing burden of proving his case by the preponderance of the evidence.

The judge of the lower court who heard this case, on his own initiative, personally inspected the property of Behnke and the vicinity thereof. The record discloses that the judgment of the court was largely predicated upon conclusions he reached after he inspected the property and its surroundings. The common law rule in force in this State, regarding the viewing by the court of property in litigation, is stated in *Vane* v. *City of Evanston,* 150 Ill. 616, at page 624, and followed in *City of Carbondale* v. *Reith,* 316 id. 538, and *City of Chicago* v. *Koff,* 341 id. 520. The only legitimate purpose for viewing the property by the trial judge was to enable him to understand the issues and apply the evidence. The record contains abundant proof that he went beyond the rule when he allowed himself to be swayed in his judgment by the facts derived from his personal inspection.

The judgment is reversed and the cause is remanded to the circuit court of Cook county for a new trial.

*Reversed and remanded.*