Lancer Industries, Inc., Plaintiff-Appellee, *v.* The City of Aurora, Defendant-Appellant.

(No. 73-445; ▮▮▮▮▮▮▮▮▮▮▮

Second District (2nd Division)—August 15, 1975.

William J. Foote, Corporation Counsel, of Aurora (Ralph Ketchum, Assistant Corporation Counsel, of counsel), for appellant.

Redman, Shearer, O'Brien & Blood, of St. Charles, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The trial court found the defendant's zoning ordinance invalid as applied to the plaintiff's property and directed the defendant to issue plaintiff a building permit. The defendant raises a number of issues for review but, because of our holding, we consider only whether the trial court as trier of fact committed reversible error by considering its personal view of the subject property as part of the evidence.

At the close of all the evidence, plaintiff requested that the case be continued to allow the trial court to view the subject property. Defendant questioned the procedure of the judge viewing the premises and, assuming that all the evidence had been presented, moved for a directed verdict. The trial court responded, "Well, we still have a little visual evidence to get in," and reserved any ruling pending its viewing of the subject property.

After viewing the premises in company with the court reporter, the trial court dictated the following into the record:

"The subject property is behind a Clark Oil station and a 7-Eleven store, and is approximately 250 feet long and 73 feet wide. To the south of the property is a turn-around for a car wash which abuts at the northwest corner. In viewing the property it would appear that it would take a very unusual sort of an eccentric to consider using it for residential purposes. Across Indian Trail Road is vacant property owned by Standard Oil which would have ingress and egress on Farnsworth Avenue, but would continue to the west on Indian Trail Road past the property line of the subject property.

It appears clear from the view of the subject property and the surrounding property that the highest and best use is clearly business, and its use as residential property is very impractical."

■■ It is well established that, except in condemnation cases, facts gained in a viewing cannot be considered in evidence, and that on the question of viewing a more strict standard must be applied in a bench trial.

"* * * The common law rule in force in this State, regarding the viewing by the court of property in litigation, is stated in *Vane v. City of Evanston*, 150 Ill. 616, at page 624, and followed in *City of Carbondale v. Reith*, 316 id. 538, and *City of Chicago v. Koff*, 341 id. 520. The only legitimate purpose for viewing the property by the trial judge was to enable him to understand the issues and apply the evidence." *Behnke v. President and Board of Trustees*, 366 Ill. 516, 519 (1937).

■■ We conclude in this case that the two afore-quoted statements by the trial court demonstrate that it went beyond the rule and that its judgment was swayed by facts derived from the personal inspection.

The judgment is therefore reversed and the cause remanded for a new trial.

*Judgment reversed; cause remanded.*

RECHENMACHER, P. J., and DIXON, J., concur.