BURLYN EISENBRANDT, Plaintiff-Appellee, v. JON FINNEGAN, Defendant-Appellant.

Third District   No. 3—86—0364

Opinion filed May 12, 1987.—Rehearing denied July 22, 1987.

Michael C. Whitten, of Frankfort, for appellant.

Garrison, Fabrizio & Hanson, Ltd., of Joliet (Gerald R. Kinney, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Burlyn Eisenbrandt, filed a complaint seeking damages against the defendant, Jon Finnegan. The defendant purchased a parcel of land adjacent to that of the plaintiff for the purpose of constructing an office building. The plaintiff brought an action against the defendant alleging that the defendant's construction altered the land so as to cause excess water to accumulate upon the plaintiff's property, causing damage. The circuit court of Will County found that the plaintiff's property damage was caused by the alteration of the land, which was caused by the defendant's construction. Consequently, the plaintiff was awarded damages. Both parties have appealed.

The defendant filed an appeal seeking relief based upon the following contentions: (1) the complaint failed to state a cause of action;

(2) the trial court was in error when denying the defendant's discovery motions; (3) the court erred by considering its personal view of the premises as evidence; (4) the trial court's ruling on proximate cause is contrary to the manifest weight of the evidence; (5) the court erred when denying the defendant's motion to amend the pleading to conform to the proof; and (6) the court's calculation of damages is incorrect.

The plaintiff filed a cross-appeal. Plaintiff contends that the lower court erred in its damage calculation and should have awarded the plaintiff his repair costs. The defendant's contentions will be addressed initially, followed by the plaintiff's cross-appeal.

█▌ █ Initially, the defendant contends that the plaintiff's complaint is insufficient because it fails to state a claim upon which relief can be granted. Generally, no pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which said party is called upon to meet. (Ill. Rev. Stat. 1981, ch. 110, par. 2—612 (b).) In this case the plaintiff's complaint states that the plaintiff has resided on his property for the past 59 years without experiencing any major flooding problems. The complaint further alleges that seven years ago the defendant purchased the lot immediately adjacent to the plaintiff's property and began construction of an office building. Thereafter, the plaintiff began to experience major flooding problems which damaged his property. The plaintiff contends that the water problems and subsequent damage to his property were the direct and proximate result of the defendant's construction. Based upon the above-mentioned facts, this court is of the opinion that the complaint contained sufficient information to reasonably inform the defendant of the nature of the claim he was called upon to meet. Consequently, the trial court was correct in holding that the plaintiff's complaint was sufficient.

█▌ The defendant's second contention is that the trial court erred when it declined to impose sanctions for discovery violations. Evidence of two prior damage occurrences to plaintiff's property was not produced until four days before trial. Also, a calendar which contained notations concerning prior flooding occurrences was not brought to the defendant's attention until the second day of trial. The defendant argues that the failure to produce the receipts and calendar in a timely manner resulted in substantial prejudice. Generally, the objective of a reviewing court is not to determine whether the record is totally free of error but whether any error occurred which substantially prejudiced the defendant and affected the outcome below. (*Kyowski v. Burns* (1979), 70 Ill. App. 3d 1009, 388 N.E.2d 770; *Kincl*

*v. Hycel, Inc.* (1977), 56 Ill. App. 3d 772, 372 N.E.2d 385.) In addition, the test as to whether a failure to disclose is unreasonable does not rest upon whether the failure was intentional or inadvertent. The test is how important the undisclosed information is. (*Ideal Plumbing Co. v. Shevlin-Manning, Inc.* (1981), 96 Ill. App. 3d 207, 421 N.E.2d 562.) Addressing the receipts that were not produced until four days before trial, the trial court found and we agree that the defendant has not been adversely affected. Although we agree with the defendant that four days is not an extensive amount of time in which to examine the documents, the fact remains that the defendant had the opportunity to question the parties concerning these receipts. In addition, the materials were not undisclosed, they were disclosed four days before trial. Further, the defendant failed to bring to the trial court's attention any facts showing that a further investigation or a continuance of the case would be warranted.

With regard to the calendar which the defendant claims contained notations concerning the plaintiff's previous flood problems, this court agrees with the trial court's finding that the defendant has failed to show prejudice. The defendant was not prejudiced because the material was eventually made available. Consequently, the defendant had the opportunity during the trial to question the parties concerning the document. In addition, based upon the record, the trial court could have and did conclude that the notations on the calendar were not so complicated or crucial as to prejudice the defendant upon their late presentment.

■■ The defendant's third contention is that the trial court erred by considering its personal view of the premises as evidence. Generally, facts gained in a viewing cannot be considered in evidence. The only legitimate purpose for viewing the property by the trial judge is to enable him to understand the issues and apply the evidence. (*Lancer Industries Inc. v. City of Aurora* (1975), 30 Ill. App. 3d 962, 333 N.E.2d 653; *Behnke v. President & Board of Trustees* (1937), 366 Ill. 516, 9 N.E.2d 232.) In this case both parties agreed to a viewing by the court. The record indicates that the judge used the viewing to help understand the items already admitted in evidence. The record also states that the photographs already admitted in evidence, not the viewing, formed the basis of the judge's opinion. Consequently, we are of the opinion that the trial court did not improperly consider its viewing of the premises.

■■ ■ The defendant's fourth contention is that the trial court's finding of liability is against the manifest weight of the evidence. The general rule with respect to suits by landowners seeking damages

which result from an adjoining landowner's deflection of surface water from his own property on to his neighbor's has been defined by the Illinois Supreme Court. In *Templeton v. Huss* (1974), 57 Ill. 2d 134, 311 N.E.2d 141, the court stated that in order to prevail the landowner must establish the increased flow of surface waters from the land of the defendant to that of the plaintiff was beyond a range consistent with the policy of reasonableness of use. The unreasonableness to be pleaded and proved is in the interference with the drainage through natural flow and seepage which the defendant's changes cause upon the plaintiff's property. (*Templeton v. Huss* (1974), 57 Ill. 2d 134, 311 N.E.2d 141.) In this case the plaintiff has lived in this residence for the past 59 years. Prior to the defendant's construction, the plaintiff had not experienced any major flooding problems. Throughout the defendant's construction and thereafter the plaintiff suffered damage due to severe flooding. There is evidence in the record that indicates that the grading of the defendant's land resulted in the land being raised three feet. Also, the trial court found that the project did not conform to the drainage plan as approved by the village. Thus, through the physical evidence presented and the testimony of the various witnesses, the trial court could have and did determine that the plaintiff's damages were a direct and proximate result of the defendant's construction. A reviewing court will not disturb a trial court's finding and substitute its own unless the trial court's holding is manifestly against the weight of the evidence. (*Ross v. Steiner* (1978), 66 Ill. App. 3d 567, 384 N.E.2d 398.) Because we are unable to find that the trial court's evaluation of the facts or ultimate holding was against the manifest weight of the evidence, we find no error.

    The defendant's fifth contention is that the trial court erred in denying his motion to file an amendment to the pleadings to conform to the proof adduced at trial. The amendment attempted to establish that the plaintiff had experienced previous flooding problems. In order to allow a party to amend a complaint to conform to the proofs it must be shown that the amendment's materiality to the evidence is clear and apparent. (*Marcus v. Wilson* (1973), 16 Ill. App. 3d 724, 306 N.E.2d 554.) In addition, the allowance of material amendments after the evidence has been closed rests in the discretion of the trial court, and its ruling will not be disturbed on review except in cases of clear abuse. (*Powers v. Sturm* (1973), 12 Ill. App. 3d 346, 297 N.E.2d 628.) The record indicates that evidence was presented that showed that the plaintiff had experienced prior flooding of his garage. The trial court had the opportunity to view and analyze all

the evidence at trial. The court determined that the defendant failed to show that the amendment's materiality to the evidence presented was clear. The court stated that the evidence presented failed to establish the defenses the defendant wished to raise. Examining the record, this court finds that the trial court's ruling was reasonable in light of the evidence presented.

The defendant's final contention is that the trial court's finding on diminution in value is against the manifest weight of the evidence. The defendant argues that the trial court's award of damages was contrary to the evidence presented. Both parties presented expert witnesses at trial. The plaintiff's expert, Mr. Shetina, testified that the property was originally appraised at $78,000, but due to the water damage the property is now worth $28,000. The plaintiff also presented evidence that the cost of repairing the damage to the property would be about $80,000. The defendant's expert, Mr. Crawford, valued the property at $80,000 before the damage and at $72,000 after. The plaintiff has filed a cross-appeal contending that the cost of repair should be awarded as opposed to the diminution of value.

■■■ ■ The standard to apply when determining damages in cases of this nature is set forth in *Myers v. Arnold* (1980), 83 Ill. App. 3d 1, 403 N.E.2d 316. In *Myers*, the court determined when the cost of repair to a plaintiff's real estate could be recovered as opposed to the diminution in value to that estate. The rule which the court applies requires a determination of whether the injury is permanent or nonpermanent. If the injury is permanent, the measure of damages is the market value of the property before the injury less its market value after the injury. When the injury is nonpermanent, the measure of damages is the cost of restoring the property to its original condition. (*Myers v. Arnold* (1980), 83 Ill. App. 3d 1, 403 N.E.2d 316.) After viewing and analyzing the evidence, the trial court determined that the cost of repair figures presented by the plaintiff were excessive. The court also found that the damage to the plaintiff's property was permanent. Consequently, the court applied the diminution of value theory set forth in *Myers*. Based upon the testimony and demeanor of the respective experts, the trial court could have and did conclude that the plaintiff's expert, Mr. Shetina, was more credible. Consequently, the court awarded the plaintiff the $50,000 damage figure proposed by his expert as opposed to the $7,800 figure presented by the defendant's expert. This court agrees with the trial court that the injury to plaintiff's property was permanent. We agree with the court below that the proper rule to apply is the diminution of value theory. Consequently, we are unable to find that the trial court's eval-

uation of the evidence was against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY, P.J., and WOMBACHER, J., concur.