Ben BRAYLOCK, Appellant,

v.

Lucinda JESSON, Commissioner of
Human Services, Respondent,

Hennepin County, Respondent.

No. A10–1754.

Supreme Court of Minnesota.

Aug. 8, 2012.

Gregory R. Solum, Edina, MN, for appellant.

Lori Swanson, Attorney General, Jacob Kraus, Assistant Attorney General, Barbara Berg Windels, Assistant Attorney General, Saint Paul, MN, for respondent Commissioner of Human Resources; and Mike Freeman, Hennepin County Attorney, Theresa Couri, Assistant Hennepin County Attorney, Minneapolis, MN, for respondent Hennepin County.

## OPINION

STRAS, Justice.

The question presented in this case is whether a statutory amendment to Minn. Stat. § 253B.19, subd. 2(d), effective on August 1, 2010, applies to appellant Ben Braylock's November 2008 petition for provisional or full discharge from civil commitment as a sexually dangerous offender. Braylock argues that retroactive application of the amended statute to his petition is improper because the amendment introduced a new, higher burden for a petitioner seeking provisional or full discharge than the version of the statute that was operative when he filed his petition. The court of appeals affirmed the Supreme Court Judicial Appeal Panel's decision to deny Braylock's petition. We affirm the court of appeals.

### I.

Appellant Ben Braylock is an 80–year–old, civilly committed, Level–3 sex offender. Braylock was convicted of burglary in 1968, second-degree murder in 1981, third-degree criminal sexual conduct in 1988, and first-degree criminal sexual conduct in 1991. In 2005, the Minnesota Department of Corrections, through the Hennepin County Attorney, petitioned the Hennepin County District Court to involuntarily commit Braylock as a sexually psychopathic personality ("SPP") and a sexually dangerous person ("SDP"), as defined by Minn.Stat. § 253B.02, subds. 18b–18c (2010). *See* Minn.Stat. § 253B.185 (2010) (permitting the indeterminate civil commitment of persons classified as SPPs or SDPs). The district court granted the petition and ordered Braylock indeterminately committed as a SDP. In November 2008, Braylock petitioned the Special Review Board ("Review Board") for a provisional or full discharge from his civil commitment. Minn.Stat. § 253B.18, subd. 4(c)

(2010) (authorizing the Review Board to hear and consider petitions for full or provisional discharge from involuntary civil commitment). Respondents Hennepin County and the Commissioner of Human Services opposed Braylock's petition.

By statute, a person committed under Minn.Stat. § 253B.185 who seeks full or provisional discharge must first petition the Review Board for relief. Minn.Stat. § 253B.185, subd. 9; *see also* Minn.Stat. § 253B.18, subds. 7, 15 (2010) (describing the showing that a petitioner must make in order to receive a full or provisional discharge and the factors that the Review Board must consider in determining whether to recommend such relief). If the Review Board recommends denial of the discharge petition, then the committed person may petition the Supreme Court Judicial Appeal Panel ("Appeal Panel") for rehearing and reconsideration of the Review Board's recommendation. *See* Minn. Stat. § 253B.19, subd. 2(b) (2010); *see also* Minn.Stat. § 253B.185, subds. 12, 18 (declaring that a discharge petition may not be granted unless the Appeal Panel is satisfied, after a hearing and recommendation by the Review Board, that discharge is appropriate). In proceedings before the Appeal Panel, the committed person "bears the burden of going forward with the evidence." Minn.Stat. § 253B.19, subd. 2(d) (2010). If the committed person meets his burden, then the party opposing the petition "bears the burden of proof by clear and convincing evidence that the discharge or provisional discharge should be denied." *Id.*

In this case, the Review Board concluded that Braylock failed to satisfy the requirements for full or provisional discharge and recommended that the Appeal Panel deny Braylock's petition. Braylock then petitioned the Appeal Panel for rehearing and reconsideration of the Review Board's recommendation. Following an April 30, 2010, evidentiary hearing, the Appeal Panel issued its decision on August 6, 2010. The Appeal Panel concluded that Braylock failed to present sufficient evidence to meet his initial burden of production under Minn.Stat. § 253B.19, subd. 2(d). Based on that conclusion, the Appeal Panel denied Braylock's petition.

While Braylock's petition was pending before the Appeal Panel, the Legislature amended Minn.Stat. § 253B.19, subd. 2(d). Prior to August 1, 2010, the relevant portion of subdivision 2(d) stated as follows:

The petitioning party bears the burden of going forward with the evidence. The party opposing discharge bears the burden of proof by clear and convincing evidence that the respondent is in need of commitment.

Minn.Stat. § 253B.19, subd. 2(d) (2008). In May 2010, the Legislature amended that portion of subdivision 2(d) in the following manner:

The petitioning party *seeking discharge or provisional discharge* bears the burden of going forward with the evidence, *which means presenting a prima facie case with competent evidence to show that the person is entitled to the requested relief. If the petitioning party has met this burden,* the party opposing discharge *or provisional discharge* bears the burden of proof by clear and convincing evidence that the ~~respondent is in need of commitment~~ *discharge or provisional discharge should be denied.*

Act of May 10, 2010, ch. 300, § 27, 2010 Minn. Laws 747, 764. Because the Legislature failed to specify a different date, the amendment became effective on August 1, 2010. *See* Minn.Stat. § 645.02 (2010).

In March 2011, the court of appeals affirmed the Appeal Panel's decision. *Braylock v. Jesson,* No. A10–1754, 2011 WL 979051 (Minn.App. Mar. 22, 2011).

The court held: "because Braylock failed to present a prima facie case establishing that he met the standards for either a provisional or full discharge, the Appeal Panel properly dismissed and denied Braylock's petition." *Id.* at *7. In affirming the Appeal Panel's dismissal and denial of Braylock's petition, the court applied the amended version of Minn.Stat. § 253B.19, subd. 2(d), after concluding that the amendment merely "clarified the respective burdens of proof" in proceedings before the Appeal Panel. *See Braylock*, 2011 WL 979051, at *3 n. 1. We granted Braylock's petition for review on a single issue: whether amended subdivision 2(d), effective on August 1, 2010, applied to Braylock's petition for full or provisional discharge from civil commitment.[1]

## II.

In determining which version of Minn.Stat. § 253B.19, subd. 2(d), applies to Braylock's petition, the threshold question is whether the Legislature's amendment of subdivision 2(d) was merely a clarification of preexisting law or whether the amendment substantively changed the law. When the Legislature merely clarifies preexisting law, the amended statute applies to all future or pending litigation. *See Nardini v. Nardini*, 414 N.W.2d 184, 196 (Minn.1987); *see also Rural Am. Bank of Greenwald v. Herickhoff*, 485 N.W.2d 702, 708 (Minn.1992) (Simonett, J., concurring specially) ("If ... an amendment seeks only to 'clarify' the interpretation of the statute ... the [L]egislature is not changing its mind but is only making clear the legislative intent that was always there."). If, on the other hand, the amendment changes preexisting law, the

amendment is not retroactive unless the Legislature states otherwise. Minn.Stat. §§ 645.21, .31 (2010); *Herickhoff,* 485 N.W.2d at 706–07. Hence, if the amendment of subdivision 2(d) merely clarified preexisting law, the amended statute applied to Braylock's petition.

The Legislature's amendment of a statute creates a presumption that the Legislature intended to change the law. *Auto Owners Ins. Co. v. Perry,* 749 N.W.2d 324, 328 (Minn.2008). The presumption is rebutted, however, if the Legislature intended only to clarify the law. *See Frieler v. Carlson Mktg. Grp., Inc.,* 751 N.W.2d 558, 566 (Minn.2008); *CUNA Mut. Ins. Soc'y v. Comm'r of Revenue,* 647 N.W.2d 533, 540 n. 16 (Minn.2002). Determining whether an amendment is a clarification or a modification of preexisting law is a question of statutory interpretation, *see Ubel v. State,* 547 N.W.2d 366, 370 (Minn.1996), that we review de novo, *see In re Estate of Butler,* 803 N.W.2d 393, 397 (Minn.2011). In determining whether an amendment constitutes a clarification or modification of preexisting law, we compare the language of the pre-amendment and post-amendment versions of a statute. *See State v. Niska,* 514 N.W.2d 260, 264–65 (Minn.1994); *see also, e.g., Krumm v. R. A. Nadeau Co.,* 276 N.W.2d 641, 644 (Minn.1979) ("A comparison of the language of the two versions demonstrates that the [amendment] was intended merely to clarify the [preexisting statute].").

Here, the language of the pre-amendment and post-amendment versions of Minn.Stat. § 253B.19, subd. 2(d), demonstrates that the Legislature intended only to clarify preexisting law. Prior to the

---

**1.** Braylock argues that, regardless of the appropriate legal standard, he has provided sufficient evidence to avoid an involuntary dismissal. *See* Minn. R. Civ. P. 41.02(b). Because we denied review of the merits of

Braylock's petition, we need not and do not express an opinion on the sufficiency of the evidence presented to the Appeal Panel. *See Milner v. Farmers Ins. Exch.,* 748 N.W.2d 608, 613 n. 6 (Minn.2008).

amendment, subdivision 2(d) provided, as relevant to Braylock's argument: "[t]he petitioning party bears the burden of going forward with the evidence." Minn. Stat. § 253B.19, subd. 2(d) (2008). The amended version of the statute now provides:

> The petitioning party seeking discharge or provisional discharge bears the burden of going forward with the evidence, which means presenting a prima facie case with competent evidence to show that the person is entitled to the requested relief.

Minn.Stat. § 253B.19, subd. 2(d) (2010). A comparison of the two versions reveals that the amendment did not eliminate the petitioning party's "burden of going forward with the evidence." Instead, the Legislature simply appended an additional clause onto the pre–2010 version: "which means presenting a prima facie case with competent evidence to show that the [petitioner] is entitled to the requested relief." See Act of May 10, 2010, ch. 300, § 27, 2010 Minn. Laws 747, 764. The phrase introducing the additional clause—"which means"—indicates that the Legislature amended subdivision 2(d) to remove any uncertainty about what is required for petitioners to meet their initial burden of "going forward with the evidence." Stated differently, the Legislature used the phrase "which means" to describe the function of the additional clause, which is to describe or define what the immediately antecedent clause ("bears the burden of going forward with the evidence") conveys. See Webster's Third New International Dictionary of the English Language Unabridged 1398 (2002) (defining the word "mean" as "to serve or intend to convey, show, or indicate"); see also id. at 592 (defining "define" as "to discover and set forth the meaning of (as a word or term)" (emphasis added)).

■ Moreover, the specific language used to amend the statute confirms our conclusion that the amendment was merely definitional or descriptive rather than a substantive change to preexisting law. In fact, the operative language of the amendment—"presenting a prima facie case"—is simply a synonym for a requirement to go "forward with the evidence." See, e.g., Castaneda v. Partida, 430 U.S. 482, 517, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977) (explaining that one party's presentation of a "prima facie case" shifts the "burden of going forward" to the other party); State v. Reps, 302 Minn. 38, 50, 223 N.W.2d 780, 788 (1974) (same); see also Behnke v. President Bd. of Trustees of Brookfield, 366 Ill. 516, 9 N.E.2d 232, 233 (1937) (defining the "burden of going forward with the evidence" as "the task resting upon a party litigant ... to create a prima facie case in his own favor"). Both of these phrases are, in turn, synonymous with a requirement that a party meet a "burden of production." See, e.g., Dir., Office of Workers' Comp. Programs, Dep't of Labor v. Greenwich Collieries, 512 U.S. 267, 274, 114 S.Ct. 2251, 129 L.Ed.2d 221 (1994) (citing cases); Black's Law Dictionary 223 (9th ed.2009) (listing "burden of going forward with evidence" as a synonym of "burden of production"); see also, e.g., 29 Am. Jur. 2d Evidence § 171 (2012) ("To satisfy the burden of production is also sometimes referred to as making out a prima facie case; and the term is sometimes used in legislation for this purpose."). Indeed, a petitioner has the same "burden of production" both before and after the 2010 amendment to subdivision 2(d): to come forward with sufficient, competent evidence that, if proven, would entitle the petitioner to relief. Compare Minn.Stat. § 253B.19, subd. 2(d) (2010) (requiring the petitioner to present "a prima facie case with competent evidence to show that the person is entitled to the requested relief"),

*with Coker v. Ludeman,* 775 N.W.2d 660, 665 (Minn.App.2009) ("[T]he lesser burden of going forward with the evidence under Minn.Stat. § 253B.19, subd. 2(d) [ (2008) ], is a burden of production rather than of persuasion. Accordingly, the petitioner need not actually prove anything, but instead must only present evidence on each element sufficient to avoid judgment as a matter of law.").[2]

Braylock nonetheless argues that the requirement of a "prima facie case" changes preexisting law by requiring petitioners to produce a greater quantum or quality of evidence in order to obtain relief. More specifically, Braylock seems to argue that the requirement for a "prima facie case" in amended subdivision 2(d) shifts the burden of persuasion from the party opposing the petition to the petitioning party. We disagree.

■■■ Braylock's argument confuses the "burden of production" in subdivision 2(d) with a burden of persuasion. The burden of production is the obligation of a party to come forward with sufficient evidence to support its claim or the relief requested. *See* Bryan A. Garner, *Garner's Dictionary of Legal Usage* 124 (3d ed.2011); *see also Aguilar v. Atl. Richfield Co.,* 25 Cal.4th 826, 107 Cal.Rptr.2d 841, 24

P.3d 493, 510 (2001) (describing the "burden of production" in the summary judgment context as requiring the moving party to "make a prima facie showing of the nonexistence of any triable issue of material fact"). If a party fails to carry its initial burden of production, then the other party does not have to produce any evidence in response, even if the latter party would have the ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.,* 210 F.3d 1099, 1102–03 (9th Cir.2001). The burden of persuasion, on the other hand, is the obligation to persuade the trier of fact of the truth of a proposition. *Greenwich Collieries,* 512 U.S. at 274, 114 S.Ct. 2251; *see also Black's Law Dictionary* 223 (9th ed.2009) ("A party's duty to convince the fact-finder to view the facts in a way that favors that party."). Stated differently, the party bearing the burden of persuasion is the side that stands to lose if it fails to convince the trier of fact on a particular fact or issue. *See Greenwich Collieries,* 512 U.S. at 272, 114 S.Ct. 2251; *see also* 1 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 3.2, at 428 (3d ed.2007) ("To say that a party bears the burden of persuasion ... is to say she can win only if the evidence persuades the

---

**2.** We acknowledge that the term "prima facie case" is a legal term of art that does not always carry the same meaning in every context. Rather, the specific quantum and quality of evidence that is necessary to establish a prima facie case may vary depending on the nature of the proceedings, the type of action involved, and the stage of the litigation. *See Nader v. de Toledano,* 408 A.2d 31, 48 (D.C. 1979). *Compare, e.g., Meagher v. Wayne State Univ.,* 222 Mich.App. 700, 565 N.W.2d 401, 410 (1997) (" 'Prima facie case' in [the context of the *McDonnell Douglas* approach] does not mean that the plaintiff produced sufficient evidence to allow the case to go to a jury, but rather that the plaintiff produced enough evidence to create a rebuttable presumption of ... discrimination."), *with, e.g., Dale v. Thom-*

*as Funeral Home, Inc.,* 237 Neb. 528, 466 N.W.2d 805, 807 (1991) ("A "prima facie case" [in the context of a state tort claim] means that evidence sufficiently establishes elements of a cause of action and, notwithstanding a motion for a directed verdict in a jury trial or a motion to dismiss in a nonjury trial, allows submission of the case to the fact finder for disposition."). However, taking into account the nature of the proceedings, the type of action involved, and the stage of the litigation, the only reasonable interpretation of the phrase "prima facie case" in amended subdivision 2(d) is that it refers to the petitioner's initial burden of production to come forward with sufficient evidence that, if proven, would entitle the petitioner to relief.

trier of the existence of the facts that she needs in order to prevail."). Unlike the burden of production, the burden of persuasion generally does not shift and is usually expressed in terms of the degree to which a fact-finder must be convinced of the existence of a particular fact—by a preponderance of the evidence, clear and convincing evidence, or proof beyond a reasonable doubt. *See Carrillo v. Fabian*, 701 N.W.2d 763, 774 (Minn.2005) (citing *Addington v. Texas*, 441 U.S. 418, 423–24, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979)).

Here, we are convinced that the pre-amendment and post-amendment versions of subdivision 2(d) require the petitioner to meet only a burden of production. In both versions of the statute, the ultimate burden of persuasion remains at all times with the party opposing the petition to prove, by clear and convincing evidence, that a full or provisional discharge should be denied.[3] *Compare* Minn.Stat. § 253B.19, subd. 2(d) (2008) (amended 2010) ("The party opposing discharge bears the burden of proof by clear and convincing evidence."), *with* Minn.Stat. § 253B.19, subd. 2(d) (2010) ("If the petitioning party has met this burden [the burden of going forward with the evidence], the party opposing discharge or provisional discharge bears the burden of proof by clear and convincing evidence that the discharge or provisional discharge should be denied.").

Because the 2010 amendment to subdivision 2(d) did not substantively change the law by altering the burden of production or burden of persuasion applied to petitions for discharge under Chapter 253B, we conclude that the amendment merely clarified preexisting law. *See State v. Niska*, 514 N.W.2d 260, 264 (Minn.1994).

### III.

For the foregoing reasons, we hold that the court of appeals properly evaluated Braylock's petition under the amended version of Minn.Stat. § 253B.19, subd. 2(d). Accordingly, we affirm the decision of the court of appeals.

Affirmed.

---

3. *Coker v. Ludeman*, 775 N.W.2d 660 (Minn. App.2009), cited by Braylock, further illuminates the distinction between the burden of production and the burden of persuasion in subdivision 2(d). In *Coker*, the court of appeals considered whether the Appeal Panel had erred when it required Coker to "make a prima facie case for transfer *by a preponderance of the evidence.*" 775 N.W.2d at 664 (emphasis added). The court answered that question in the affirmative, holding that under the plain language of subdivision 2(d), Coker "was only required to go forward by producing enough evidence to have the issue of

transfer considered by the [A]ppeal [P]anel." *Id.* at 664–65. The court reasoned that the Appeal Panel had improperly conflated petitioner's burden of production with a burden of persuasion. Braylock is incorrect, however, when he argues that *Coker* stands for the proposition that, under the pre-amendment version of subdivision 2(d), he did not have an obligation to present a prima facie case. To the contrary, *Coker* provides further evidence that the burden of production in subdivision 2(d) did not change after the 2010 amendment to subdivision 2(d).