*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2026**

James Richardson Jr.,
Relator,

vs.

Alamco Wood Products LLC,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed August 4, 2014
Affirmed
Chutich, Judge**

Department of Employment and Economic Development
File No. 31514979-3

James Richardson Jr., Albert Lea, Minnesota (pro se relator)

Alamco Wood Products LLC, Albert Lea, Minnesota (respondent employer)

Lee B. Nelson, Christine Hinrichs, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent Department)

Considered and decided by Rodenberg, Presiding Judge; Johnson, Judge; and Chutich, Judge.

UNPUBLISHED OPINION

**CHUTICH**, Judge

Relator James Richardson Jr. challenges the unemployment-law judge's decision that he is ineligible for unemployment benefits because he committed employment misconduct. Because the unemployment-law judge's findings are supported by substantial evidence, and because Richardson's violation of the no-smoking policy is employment misconduct, we affirm.

## FACTS

From January 16, 2012, to August 5, 2013, Richardson worked in wood production at respondent Alamco Wood Products, LLC (Alamco). Richardson started with Alamco through Express Personnel (a temp agency) on July 17, 2011, and became a full-time employee on January 16, 2012. Richardson worked a day shift until he was hurt at work in April 2013, when he was moved to the second shift to accommodate his injury. On August 5, 2013, John Forman, a general manager, and Bart Belshan, a plant manager, terminated Richardson's employment.

Richardson applied for unemployment benefits from respondent Minnesota Department of Employment and Economic Development (department). The department determined that Richardson is ineligible for unemployment benefits, and Richardson appealed. On September 11, 2013, the unemployment-law judge conducted an evidentiary hearing by telephone. Melissa Sexton, director of human resources, testified for Alamco.

Sexton testified that, on July 1, 2011, shortly before Richardson began working for the company, Alamco instituted a no-smoking policy on its property. Before July 1, 2011, Alamco allowed smoking in certain designated areas. For safety reasons and as part of a wellness initiative, Alamco decided to no longer allow smoking at all on its property. Because of the wood shavings and saw dust at the plant, smoking can be hazardous.

Sexton testified that no-smoking signs are prominently posted in the company's driveway, on the door to the office, and inside the office. Sexton notifies all employees at the beginning of employment that Alamco has a no-smoking policy. Alamco installed additional security cameras because management found cigarette butts and heard that people were still smoking on the property.

On August 2, 2013, around 8:00 p.m., John Forman saw Richardson leave an outdoor lunch area where cigarette butts were previously found. When he walked over to the area, Forman noticed the smell of fresh cigarette smoke. Forman then warned Richardson not to smoke on company property and told him that this warning would be his only one. Forman did not testify at the evidentiary hearing, but he provided a written statement to the department that was admitted as an exhibit.

Later that evening, at approximately 11 p.m., Richardson returned to the same area to have a cigarette. One of the security cameras showed that Richardson placed a cigarette in his mouth and, as he was about to light it, he looked up and saw the camera. He then put the cigarette down and left the area without smoking. Sexton viewed the video and testified about its content; the video was not introduced into evidence. Three

days later, on August 5, Alamco discharged Richardson for failing to obey the no-smoking policy.

Richardson testified that he was not aware of the no-smoking policy because he observed other employees smoking in their cars on the property and he had not seen the no-smoking signs. According to Richardson, Forman did not warn him about smoking. When the unemployment-law judge asked if Richardson was smoking on the property, Richardson responded, "Yes, I was smoking on the lunchroom area where it used to be [a] smoking area." He said he did not know when it stopped being a smoking area, but that he knew that other employees smoked there at night.

The unemployment-law judge determined that Richardson was dismissed for employment misconduct. Richardson sought reconsideration, and the judge affirmed his decision. This certiorari appeal followed.

**D E C I S I O N**

If an employee is discharged because of employment misconduct, he is ineligible for unemployment benefits. Minn. Stat. § 268.095, subd. 4(1) (2012). "Employment misconduct means any intentional, negligent, or indifferent conduct, on the job or off the job that displays clearly: (1) a serious violation of the standards of behavior the employer has the right to reasonably expect of the employee; or (2) a substantial lack of concern for the employment." Minn. Stat. § 268.095, subd. 6(a) (2012).

"Whether the employee committed a particular act is a question of fact," which we review in the light most favorable to the decision. *Peterson v. Nw. Airlines Inc.*, 753 N.W.2d 771, 774 (Minn. App. 2008), *review denied* (Minn. Oct. 1, 2008). When the

4

evidence substantially sustains the unemployment-law judge's findings, we will not disturb them. *Id.* But we review de novo "[w]hether a particular act constitutes disqualifying misconduct." *Schmidgall v. FilmTec Corp.*, 644 N.W.2d 801, 804 (Minn. 2002).

### *Richardson's Conduct*

Richardson does not dispute smoking on Alamco's property. He contends that, at 11:00 p.m. on August 2, 2013, he did not smoke a cigarette. But the unemployment-law judge's findings of fact do not state that Richardson smoked a cigarette at 11 p.m. on August 2. Rather, the judge found that, at that time, Richardson "placed the cigarette into his mouth and was about to light" it and "he left the area without smoking there." The evidence related to Richardson actually smoking is (1) Forman's letter stating that he smelled smoke in the area that Richardson had just left around 8:00 p.m. on August 2, and (2) Richardson's own admission at the evidentiary hearing, which occurred during a line of questioning about events occurring earlier in the day on August 2.

Next, Richardson claims that he did not receive a warning from Forman about the no-smoking policy. The unemployment-law judge found that Forman told Richardson "that he was not to smoke on company property and that it would be his only warning." The unemployment-law judge also found that "Richardson's testimony that he was not aware Alamco prohibited smoking on the entire property is simply not a plausible assertion, and therefore Richardson's testimony on this matter is not credible."

"Credibility determinations are the exclusive province of the [unemployment-law judge] and will not be disturbed on appeal." *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340,

5

345 (Minn. App. 2006). Because the unemployment-law judge's findings are supported by substantial evidence and provide the statutorily required reason for the credibility determination, we defer to the unemployment-law judge's decision to credit Alamco's testimony. *See* 2014 Minn. Laws, ch. 251, art. 2, § 15 (to be codified at Minn. Stat. § 268.105, subd. 1(d) (2014));[1] *Ywswf v. Teleplan Wireless Servs., Inc.*, 726 N.W.2d 525, 533 (Minn. App. 2007). Moreover, whether Sexton was warned about the no-smoking policy ultimately did not affect the unemployment-law judge's decision. The unemployment-law judge concluded that Richardson "was discharged due to employment misconduct, even though he did not actually smoke at 11 p.m. on August 2, 2013, because he had been knowingly violating the company's no-smoking policy up until that point."

Richardson also asserts that he "was retaliated against" because of his workers' compensation claim. The unemployment-law judge considered this allegation carefully, but rejected it. The judge asked Sexton about it, and she responded that the workers' compensation claim had nothing to do with the reason that Richardson was discharged. Sexton testified that Alamco was accommodating his needs and that the company wanted to see him return to his regular shift. She further testified that, as human resources director, she would not allow an employee to be discharged because of a workers' compensation claim.

---

[1] This law was amended effective June 8, 2014. 2014 Minn. Laws, ch. 251, art. 2, §§ 15 (amending section 268.015, subdivision 1), 26 (providing effective date). Because the amendment "merely clarifies preexisting law, the amended statute applies to all future or pending litigation." *Braylock v. Jesson*, 819 N.W.2d 585, 588 (Minn. 2012).

Because of Sexton's testimony and because Richardson was injured in April 2013, the unemployment-law judge found that Richardson's assertions on this issue "are . . . not credible because the timing of the discharge makes no sense in relation to that claim and is not plausible, while the discharge is consistent with the video footage from August 2, 2013." We defer to the unemployment-law judge's decision because it is supported by substantial evidence and the reasons for his credibility determination are set out in the order. *See Ywswf*, 726 N.W.2d at 533.

In sum, the evidence substantially sustains the unemployment-law judge's factual findings that Richardson smoked on Alamco property when he knew that Alamco has a no-smoking policy.

***Whether Richardson's Acts Were Misconduct***

"When an employee's refusal to carry out a directive of the employer is deliberate, calculated, and intentional, then the refusal is misconduct." *Schmidgall*, 644 N.W.2d at 806. "The general rule is that if the request of the employer is reasonable and does not impose an unreasonable burden on the employee, the employee's refusal to abide by the request constitutes misconduct." *Vargas v. Nw. Area Found.*, 673 N.W.2d 200, 206 (Minn. App. 2004), *review denied* (Minn. Mar. 30, 2004). In determining whether the conduct "rises to the level of" misconduct, unemployment-law judges must consider whether "the conduct for which the applicant was discharged involved only a single incident," but judges need not specifically acknowledge or explain this consideration in the eligibility determination. Minn. Stat. § 268.095, subd. 6(d) (2012).

Richardson argues that his conduct was not misconduct because many other employees smoke on the property. But the conduct of other employees is irrelevant to the determination here. *See Sivertson v. Sims Sec., Inc.*, 390 N.W.2d 868, 871 (Minn. App. 1986) (whether employer chose to enforce rules against only one employee is irrelevant in determining whether employee engaged in misconduct), *review denied* (Minn. Aug. 20, 1986).

Alamco's no-smoking policy is reasonable in light of the safety concerns at the plant; smoking can be hazardous because of the saw dust and wood shavings on the property. Richardson knew about the no-smoking policy and disregarded it. Richardson's violation of such policy is "a serious violation of the standards of behavior" that Alamco reasonably expects of Richardson and shows "a substantial lack of concern for the employment." *See* Minn. Stat. § 268.095, subd. 6(a).

**Affirmed.**